## HUDSON et al. v. PROVENSANO.

### No. 1185.

Court of Appeal of Louisiana. First Circuit.
June 30, 1933.

Hawkins & Pickrel, of Lake Charles, for appellants.

J. B. Holloman, Jr., of Lake Charles, for appellee.

LE BLANC, Judge.

A Dodge sedan, owned jointly by Vincent Hudson and Mamie Lawrence, was, on ac-

count of some mechanical trouble, stopped on the Old Spanish Trail highway at a point just east of where it crosses the Irrigation Canal south of Chloe, in the parish of Calcasieu. On each side of the point where the automobile was parked, guard rails extend about a half mile in each direction.

The parked car was pointing eastward. Provensano, the defendant, riding in his Ford truck with his chauffeur, Walter Ward, driving, was on his way to Houma, and was therefore traveling east also. His truck ran into the left rear end of the parked automobile, damaging it and also causing injury to Mamie Lawrence, who was seated in it at the time. The collision occurred on the morning of December 4, 1932, at or very near 5 o'clock. It is evident that it was yet dark, and besides it is shown that the morning was damp and foggy.

In bringing this suit against the defendant for the damages they claim to have suffered, plaintiffs charge him with negligence in operating his truck, through his driver and chauffeur; the particular act charged being the failure of the driver to turn to the left and pass the stranded automobile, and also his failure to keep a lookout and heed the warning being given by Louis Lawrence, who it is alleged was stationed back of the parked car for the purpose of signaling its presence, in addition to the other warning given by having all lights on the car turned on. It is also charged that the truck was going at a reckless and rapid rate of speed which plaintiffs estimate was forty-five miles per hour.

The defense urged in answer to the petition is that the stranded car was not parked on the highway in conformity with the provisions of rule 15, section 3, title 2 of Act No. 21 of 1932, regulating the operating of automobiles on the public highways, the rule cited having particular application to the parking and leaving of cars standing on the highway, and it is also averred that there was no tail-light burning on the parked car to give warning of its presence on the highway. The defendant denies that he was in any manner negligent, and, in the alternative, pleads the violation of the statute by plaintiffs as contributory negligence on their part, which bars them from recovery.

The district judge in a written opinion holds that the plaintiffs, by their failure to have observed the statutory regulations in not parking their automobile far enough to the right side of the road, contributed to the accident and therefore rejected their demands. They have appealed.

In this court, counsel for plaintiffs earnestly contend that the plea of contributory negligence cannot be maintained because the statute of 1932, the violation of which is urged, was not in effect at the time the accident occurred.

Counsel are correct in their contention with regard to the statute of 1932, as section 18 thereof provides that each and every provision and requirement therein contained shall take effect and become operative from and after and not until January 1, 1933. The accident in this case, as already noted, occurred on December 4, 1932. However, we find in the previous statute regulating the operation of automobiles and traffic on the highways, Act No. 296 of 1928, the very same provision under section 26 (a), the violation of which the defendant charges in this case. The section reads as follows:

"No person shall park or leave standing any vehicle, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business * * * district, when it is practicable to park or leave such vehicle standing off of the paved or improved or main traveled portion of such highway; provided, in no event shall any person park or leave standing any vehicle, whether attended or unattended, upon any highway unless a clear and unobstructed width of not less than fifteen feet upon the main traveled portion of said highway opposite such standing vehicle shall be left for free passage of other vehicles thereon, nor unless a clear view of such vehicle may be obtained from a distance of two hundred (200) feet in each direction upon such highway."

The defendant charges here that the plaintiffs, in removing their automobile from the main traveled portion of the highway, left a clearance of thirteen feet only, which was not a compliance with the requirements of the statute.

We do not think that the pleading of the violation of a particular statute which may not yet be in effect at the time its violation is charged in a civil action can bar a plea of contributory negligence when there is, on the statute books, a law embodying the very same provisions, the violation of which is being charged. Plaintiffs are charged with having failed to observe the same requirements of a statute that was in full force and effect at the time, and if they can be shown to have been negligent in such failure, and their negligence in that respect appears to have contributed to the accident, they are precluded from recovering from the defendant on the plea that is urged against them.

After the plaintiffs experienced trouble with their automobile, they stopped and pushed it over to the right side of the highway, which was to the south, along a guard rail on that side. There were three people in the car besides the two plaintiffs. All of them, as we understand, were negroes. There is naturally some conflict between their testimony and that of the defendant and his driver as to the distance the right wheels of the car were from the guard rail, which

distance, were it known, would enable us to easily determine the clearance that was left on the north side of the car. After the collision, however, a traffic officer by the name of Berry, who had been summoned by the parties, came to the scene of the accident, and he measured the distances in order to ascertain what the clearance on the north side was. He testifies that there was a clearance of three feet between the guard rail and the pavement and that the Dodge sedan was about a foot off, meaning no doubt off of the pavement. On the left hand side of the car, which was the north, there were thirteen feet of open highway. Asked whether the plaintiffs could have moved their car further to the right, which would have been nearer to the south guard rail, he answers that they could have moved it two feet easily and the truck could have cleared it. These measurements were taken after the impact between the two cars and may not show the exact position of the Dodge at the time it was struck; but, considering that the blow was entirely on its left side, the only effect it could have produced would have been to push it further to the right side of the road or nearer the guard rail, which fact would favor still more the defendant's contention. We accept as being correct, the finding of the district judge based on the testimony of the traffic officer, that there was only a thirteen-foot clearance on the north side of the parked car left for the passage of automobiles traveling on the highway. This clearance of course was all that was left of the paved surface of the highway and does not take into account the shoulder on the north side of the pavement which may have been three feet wide. In this connection, however, it is noted that the statute explicitly provides that "in no event" shall a car be parked or left standing on the highway, "unless a clear and unobstructed width of not less than fifteen (15) feet upon the main traveled portion" thereof opposite the parked car "shall be left for free passage of other vehicles thereon." The clearance must be not less than fifteen feet and on that portion of the highway which is the main line of traffic. There can be no doubt but that on a paved highway, the main traveled portion is the paved surface, and it is our understanding of the statute that in the clearance required, the shoulder of the road is not to be taken into consideration.

■ Counsel for the plaintiffs urge very strongly the safe precaution taken by them in placing one of their party back of the automobile in order to warn approaching traffic, but again it would seem that under the statute, the point they make avails them nothing, as the requirement about leaving a sufficient clearance is absolute and has to be observed whether the car is "attended or unattended."

■ We agree with the trial judge that this is a case in which it is very probable that if the requirement of the statute had been complied with by the plaintiffs, there would have been no collision. The testimony of Berry, the traffic officer, is to the effect that if the car had been two feet further to the south, there would have been a sufficient clearance on the north for other automobiles to pass by in safety. The failure of the plaintiffs to have followed this apparently simple and precautionary regulation to its full extent may be said to have contributed to the accident and bars them from recovery.

The district judge did not pass on the question as to whether the lights on the parked car were burning or not as evidently, under the view he took of the case, that point was not important. The provision requiring lights on a parked vehicle between sunset and sunrise is a different provision altogether from the one here under consideration. It might form the basis of a separate and independent charge of negligence, but as we also have decided the case on the fifteen-foot clearance provision of the statute, it is unnecessary to consider any other.

The judgment dismissing plaintiffs' suit was correct, and it is therefore affirmed.