**BOUDREAUX v. ISERINGHAUSEN.**

No. 1768.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1937.

James Domengeaux, of Lafayette, for appellant.

Voorhies & Labbe, of Lafayette, for appellee.

DORE, Judge.

This is a suit for damages which plaintiff claims to have sustained when the automobile of defendant ran into the rear end of the automobile owned and driven by him, and while his automobile was parked on the shoulders of the paved highway known as the "Old Spanish Trail," some two miles west of the city of Lafayette.

Plaintiff charges defendant with four acts of negligence causing the accidents, viz.: (a) Driving at a reckless and excessive rate of speed without keeping proper lookout and without regard to traffic and the rights of others; (b) in failing to see plaintiff's car parked on the shoulder of the road, to the right of the pavement, with the lights burning; (c) driving in a reckless and careless manner; and (d) while under the influence of intoxicating liquors.

Defendant admits running into the rear of plaintiff's car, but denies the negligence charged to him, and avers that the plaintiff stopped his car suddenly and without giving any warning signals whatever, directly in front of defendant on the pavement, and in the right-hand traffic lane. Defendant denies any negligence on his part, but avers that if he was guilty of any negligence, the plaintiff was guilty of contributory negligence which was the proximate cause of the accident.

Judgment was rendered in favor of the defendant, rejecting plaintiff's demand; plaintiff has appealed.

The case involves principally a question of fact. The first and foremost important fact to determine is where the impact occurred.

Plaintiff claims that he gradually slowed down his car and pulled over onto the right shoulder of the road where he came to a complete stop in order for a colored tenant in the car to disembark at his home opposite the place where the car stopped; that all lights on the car were burning and the motor still running with the car in neutral; that as this colored man was preparing to get out of the car, the defendant, driving at a rapid rate of speed, crashed into the rear left end of plaintiff's car, knocking it several feet into a ditch and up against a wire fence; that plaintiff was thrown forward and backward against the steering wheel and the seat, causing some lacerations on his legs and an incised wound on his scalp, and a severe wound on his abdomen which caused a hernia in the right abdominal wall.

Plaintiff is corroborated as to the position of his car when the impact occurred by three negro tenants who were riding in the car with him at the time; also by a negro boy who passed the scene on a horse about the time the collision occurred. All of these witnesses say that plaintiff's car was entirely off the pavement and on the shoulder of the road.

Some evidence was introduced on behalf of plaintiff in an effort to show by witnesses who reached the scene shortly after the accident that the tracks made by plaintiff's car after it had been struck showed that the car had come from the shoulder of the road and not from the pavement. But these witnesses, who seem to be responsible men, would not undertake to say positively that these tracks showed that plaintiff's car came from off of the shoulder and not from the pavement across the shoulder after being struck from the rear.

The defendant says that he passed a car on the road and saw plaintiff's car ahead of him, and that he trailed plaintiff's car about an arpent behind, going about 35 miles per hour; that plaintiff stopped in the right traffic lane ahead of him without putting out his hand or giving a stop signal; that he was then 25 or 30 feet behind plaintiff, going about 35 miles per hour, and he immediately put on his brakes and tried to stop, but could not do so before striking the rear end of plaintiff's car; that he could not turn to the left and pass plaintiff, for the reason that a car was coming from the opposite direction.

Defendant is corroborated by Mr. R. M. Millsted, a disinterested witness, who testified that a car passed him just beyond the city limits of Lafayette traveling at about 35 to 40 miles per hour; that he trailed this overtaking car (which subsequently proved to be defendant's car) and that he heard the application of the brakes and the ultimate crash; he then being not more than a hundred yards in the rear; that the accident took place on the right traveled lane of the pavement, defendant's car not leaving the pavement at any time. It is so that plaintiff attempted to discredit the testimony of this witness, but the witness explained his action to the satisfaction of the lower court and to ourselves.

Several witnesses who came to the scene soon after the accident testified that they saw skid marks on the pavement for some 25 or 30 feet from the point where the impact occurred on the right traffic lane back toward the rear of plaintiff's car, indicating that plaintiff's car was on the pavement when struck from the rear. These witnesses, or at least some of them, testified that they traced the tracks of plaintiff's car from the pavement across the shoulder to the ditch. The evidence shows conclusively that there was glass and other débris on the pavement in the right traffic lane, and it also shows that defendant's car was damaged across the front end and indicating that it struck plaintiff's car across a good part of the rear end. None of the witnesses attempted to testify that there were any car tracks on the shoulders showing that defendant had left the pavement and had gotten back upon it. It is hardly conceivable that defendant left the traffic lane and pulled out on the shoulder and hit plaintiff's car such a broadside lick in the rear, then got back on the pavement and scattered the glass on the pavement, without leaving any physical evidence on the shoulders. The trial judge correctly held that plaintiff's car was struck while parked on the pavement in front of defendant's on-coming car.

The fact that defendant went 25 or 30 feet after applying his brakes, and then struck plaintiff's car with sufficient force to cause the damage shown, indicates that defendant was going more than 35 miles per hour when plaintiff stopped in front of him. The driver of a motor vehicle should not follow another vehicle more closely than is reasonable and prudent, having regard, to the speed of the vehicle and the traffic and condition of the highway. Rule 8 (a), section 3 of Act No. 21 of 1932.

According to his own testimony, defendant was within 25 or 30 feet of the car ahead of him, and another car was coming from the opposite direction. Under these conditions, it was negligent for defendant to travel at a high rate of speed so close behind plaintiff's car when another car was coming from the opposite direction making it impossible to pass plaintiff's car on the left.

But plaintiff was also guilty of negligence in stopping in the lane of traffic without giving any signal or warning (and he admits that he did not give any signal whatsoever). Rules 10 and 15 (a), section 3 of Act No. 21 of 1932. The fact that plaintiff stopped his car on the pavement without allowing at least 15 feet of the pavement for cars to pass on his left was a violation of the rule of the road as provided for in rule 15 (a) of section 3 of act, supra, as it appears that there was ample room for him to park most, if not all, of his car on the shoulder to the right. Such negligence on the part of plaintiff contributed to the accident and bars his recovery. See *Hudson et al. v. Provensano* (La.App.) 149 So. 240.

For these reasons, the judgment is affirmed at appellant's costs.