This suit is the result of a rear-end collision between an automobile belonging to plaintiff, driven by Mr. A.C. Crain, one of its employees, and a truck belonging to the defendant, driven by Mr. Robert L. Passman, one of his employees, in the course and scope of his employment, at about the hour of 7 A.M., on February 11, 1941, on Columbia Street, in the City of Bogalusa. The defendants are J.K. Thurman, owner of the truck, and the liability insurer of the truck.
The plaintiff alleges that its Mr. Crain was driving south on Columbia Street in the City of Bogalusa, following a truck of defendant, driven by Mr. Passman, when, at or near the intersection of Columbia Street and Kentucky Avenue, Mr. Passman suddenly stopped in the middle of the street without giving any warning of his intention to do so, causing the automobile driven by Crain to strike the rear end of the truck and causing the damages complained of. The charges of negligence against defendant's driver are: (1) in stopping suddenly without giving warning of his intention to stop, (2) in failing to pull his truck to the right side, or shoulder of the street, (3) and in stopping on a hill.
The defendants admit the happening of the collision, but deny any negligence on the part of Passman, and aver that Passman was driving at a lawful and prudent rate of speed, maintaining a careful, prudent and vigilant outlook; that he gradually brought his truck to a stop by the gradual application of his brakes; that, by applying his brakes, his brake lights gave warning to any one following his car of his intention of stopping or the bringing of his truck to a stop. In the alternative, defendants aver that Crain, the driver of plaintiff's automobile, was negligent in driving at an unsafe speed and in following the truck too closely, in failing to maintain a proper lookout and in failing to observe the brake signal lights, which negligence contributed to the accident and is a bar to recovery.
The trial on the merits resulted in a judgment in favor of plaintiff in the sum of $135.02. Defendant has appealed.
There were three witnesses who testified as to how the accident happened; the plaintiff's driver of the automobile, the driver of the truck and his companion.
The two vehicles were proceeding in a southerly direction on Columbia Street in the City of Bogalusa. Columbia Street is a paved street with a slab of eighteen feet, a black line in the center, with gravel shoulders on each side. Passman, the truck driver, was accompanied by two young men; they were all seated in the cab of the truck. The truck was leading. Crain, the driver of the automobile, was alone and had been following the truck for some quarter of a mile or so. Both were going down grade. On nearing the intersection of Richmond Street and Columbia Street, Passman stopped his truck in the right or west lane of travel, opposite a filling station, in order to allow a fellow occupant to disembark; this young man worked at this station, but before the young man could get out, Crain ran into the rear of the truck, and the truck came to rest on the shoulder.
The negligence of Passman is practically conceded by defendant, and rightly so. He admits that he did not give a hand signal of his intention to stop. He testified that he looked in the side view mirror but *Page 848 
did not see any one following him. Yet Crain was following him some 40 to 50 feet in the rear. If he did look, he should have seen Crain. He stopped his car entirely on the pavement. He should have brought his truck to a stop on the shoulder and not in the lane of travel.
We now come to the plea of contributory negligence charged against Crain, the driver of plaintiff's car. Crain testified that he had been following the truck for some four to five blocks, at a distance of some 40 to 50 feet, both travelling at about the same speed, between 25 and 30 miles per hour; and at the time of the accident they were going down hill; it was bright daylight, visibility was good; the street or road curved to the right after the intersection of Richmond Street; that a filling station was on the opposite, or west corner of the intersection and opposite the scene of accident; that just before Passman reached the bottom of the incline, or the intersection of Richmond and Columbia Streets, Passman put on his brakes and stopped suddenly without giving any warning or signal; that he started to the left, and perceiving another car coming from the opposite direction, he put on his brakes, but that the auto crashed into the rear of the truck.
While Crain testified that Passman brought his auto to a sudden stop, this is denied by Passman and Harrington, a fellow occupant of the truck. It is almost impossible to believe that the truck was brought to a sudden stop. Passman had a fellow occupant who was to get out of the truck at the corner. It is natural to presume that Passman would and did gradually decrease his speed and gradually come to a stop, at least, when he was nearing the front of the filling station where this occupant was working and near the intersection of the streets. This other occupant was a young man by the name of Higgins. Higgins did get out after the crash and went to his work at the station across the street. However, it is shown that the testimony of Higgins could not be obtained for the trial. Had Passman made such a sudden stop as contended by the plaintiff, skid marks would have been made on the pavement. None were shown to have been made by the truck. The only skid marks referred to were those made by the application of the automobile's brakes.
However, it is apparent that the truck did not and could not have come to a dead stop all at once in front of Crain. If Crain had been keeping a proper lookout, he should have seen the truck coming to a stop, while he was travelling some 40 to 50 feet in the rear, in ample time to stop if he was travelling only 25 to 30 miles per hour as he says he was. He further admits that when he first saw the truck stopping, he tried to pull to his left hand side in order to pass the truck, but due to an oncoming car he had to pull back to his lane of travel, thus crashing into the rear end of the truck. These admissions on his part clearly show that he had ample time within which to stop his automobile in time to avoid the rear-end collision if he had been keeping a proper lookout and had had his automobile under control.
It is shown by the record that the automobile driven by Crain struck the truck with such a force as to cause it to rest entirely on the shoulder, and that considerable damage was done to the automobile. These physical facts show that Crain was either driving faster than he says he was or else he did not begin to stop when the truck ahead of him began to stop.
Furthermore, the preponderance of the evidence shows that the truck was equipped with brake lights and that they were in working order. The signal given by the application of the brakes should have been a warning sign to the automobile following that Passman intended to make a stop at the intersection. Crain should have seen this signal.
Act 286 of 1938, Section 3, Rule 8, provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway".
We appreciate the fact that no fast rule can be established or fixed in the interpretation of the above rule and that each case should be governed in accordance with its own particular facts. In this case, Crain knew that they were travelling down hill; he knew that he was in the city and was approaching the business part of the city; and that he was approaching a curve and street intersection. He should not have followed the truck in such close proximity as to be unable to stop without crashing into the rear end of the truck. See Roberson v. Rodriguez, La.App., 186 So. 853.
The trial judge seemed to have been influenced in reaching the conclusion that Passman had come to a sudden stop by a portion of the testimony given by Passman to the effect that after the collision, Passman *Page 849 
had acknowledged his guilt and fault. Passman, as before stated, was at fault in not giving the proper hand sign, in the stopping of his truck in the lane of travel, and in not perceiving the automobile in his rear. At that time, he was not called upon and did not attempt to pass upon the question of whether or not Crain was also guilty of contributory negligence. There is no question, as previously stated, of Passman's negligence, and if he did admit it, this did not relieve Crain of joint responsibility for the accident.
Our finding is that, regardless of Passman's negligence, Crain was negligent and that his negligence was a proximate cause of the accident, and since Crain was acting within the course and scope of his employment, plaintiff cannot recover.
For these reasons, the judgment appealed from is hereby reversed, annulled and set aside, and it is further ordered that plaintiff's suit be dismissed at its costs in both courts.
LE BLANC, J., dissenting.