Plaintiff seeks to recover damages resulting from an automobile collision alleged to have been caused by the negligence of defendant.
The facts show that on September 26, 1941, plaintiff was driving a 1941 model Buick Sedan north on Highway No. 71, about 4 miles north of Coushatta, traveling at a moderate rate of speed on the east side of the highway; that upon topping a hill he observed a mule-drawn wagon some 100 yards or more ahead of his car on the same side of the road and proceeding in the same direction; that he also observed a truck approaching from the south, which truck was about to cross a bridge at the foot of the hill. According to plaintiff's allegations, the wagon was very near the approach to the bridge, and plaintiff, immediately concluding that it was impossible to pass the wagon and clear the approaching truck, began to slow the speed of his car by gradually applying his brakes and actually brought his car to a stop behind the wagon. At or about the time plaintiff was engaged in bringing his car to a stop, defendant drove his automobile into the rear of plaintiff's car, causing the damage complained of. Plaintiff alleges that the collision was caused entirely by the negligence of defendant and specified several grounds of negligence.
After trial there was judgment by the lower court in favor of plaintiff and against the defendant in the sum of $602, representing damages to plaintiff's car, as established by the evidence on trial of the case.
Examination of the record and briefs discloses that there is but one question before this court, i.e., whether or not plaintiff was guilty of contributory negligence. Counsel for defendant in his brief makes the statement that defendant does not deny his negligence in running into the rear of plaintiff's car, but takes the position that plaintiff is barred from recovery because of his own negligence in stopping his car suddenly and without any previous warning to defendant of his intention to stop.
The question raised by the defense was conclusively disposed of in the written opinion of the special Judge, who heard the trial, when he stated that the evidence did not bear out defendant's contention, and that the testimony of the plaintiff and of the driver of the wagon team established the fact that plaintiff did give sufficient warning which should have been heeded by defendant. *Page 747 
We find that the record amply substantiates the conclusion reached by the trial judge. On the particular point the evidence preponderates clearly in favor of plaintiff.
This being so, the results of our examination confirming the conclusion reached by the trial judge, accordingly, the judgment appealed from is affirmed, at appellant's cost.