Plaintiff sued the defendant for $174.59, the alleged damage to his car which was run into from the rear by a car driven by the defendant on Barrow Street in the City of Houma about half past six o'clock on January 2, 1944. The defendant filed a reconventional demand against the plaintiff for $159.59, the alleged damage to his car caused by the collision. The case is here on an appeal by the defendant from a judgment in favor of plaintiff for the amount claimed by him in his suit. While the reconventional demand is not mentioned in the judgment, it was impliedly rejected.
There is not a great deal of difference in the evidence as to the facts in the case. The evidence justifies the following summary of the facts:
Three cars were proceeding north on Barrow Street at a speed of 20 to 25 miles per hour. The lead car was driven by W.H. Atkins, the second car was driven by Patrick Hebert, the seventeen year old son of the plaintiff, and was following the lead car at a distance of 20 to 30 feet, and the third car was driven by defendant Keller and was following the Hebert car at about the same distance as the Hebert car was following the Atkins car. All three cars had been traveling at about the same speed and distance apart for two or three blocks when, at about the center of a block, the lead car was either brought to a sudden stop or slowed down to almost a stop to avoid striking a cat that ran across the street in front of this car. The driver of the lead car gave either a signal with his hand or with his rear stop light, and the Hebert boy in the rear stopped his car within ten or fifteen feet behind the Atkins car. The preponderance of the evidence is to the effect that the stop light on the rear of the Hebert car was working and flashed when the Hebert boy applied the brakes. The boy admits that he did not give any hand signal before stopping as his left window was up.
The preponderance of the evidence also shows that the Hebert boy went ten to fifteen feet after applying his brakes and came to a stop ten to fifteen feet from the lead car. The defendant Keller ran into the rear of the Hebert car, without putting on his brakes and while his car *Page 747 
was still in gear, his car bumping into the Hebert car, bouncing back and striking it a second time.
Plaintiff seeks to place the blame on the defendant for failing to bring his car to a stop and in driving too close to the car in front, and the defendant seeks to hold plaintiff responsible for the accident on account of the negligence of his minor son in stopping his car suddenly and without giving any warning signal, and in the alternative, if the court should find that the defendant was guilty of any negligence, he pleads the acts of young Hebert as contributing to the accident.
We have no difficulty in reaching the conclusion that defendant was guilty of negligence in running into the Hebert car. According to his own testimony, he did not even put on his brakes after he saw or should have seen the Hebert car ahead of him coming to a stop. He was 20 or 30 feet behind this car when it began to stop, the same distance that young Hebert was behind the other car. As already stated, the preponderance of the evidence shows that the stop light on the Hebert car flashed red when the brakes were applied, although the defendant claims that he did not see this light, but his wife, who was in the car with him, stated that the light flashed when young Hebert made a sudden stop. Hebert stopped a few feet behind the Atkins car and did not come to a sudden stop, or at least did nut stop just as soon as his brakes were applied, but he proceeded some ten or fifteen feet after his brakes were applied. We are unable to understand why the defendant could not stop in the distance he was behind the Hebert car plus the distance the latter car went in stopping — a total distance of 30 to 40 feet — when Hebert stopped in from ten to fifteen feet. But it is contended by the defendant that the Hebert boy did not give a signal with his hand as required by law, and defendant did not know that the boy intended to stop. However, there is no reason why defendant should not have seen the car in front of him stopping or slowing down in ample time to have stopped his car within the distance of thirty or forty feet had he been keeping a proper lookout and had his car been under proper control.
The most serious question is whether or not young Hebert was guilty of such contributory negligence in failing to give the proper hand signal in making the stop as to bar his father from recovery. Section 3, Rule 10, of Act 286 of 1938, provides that the driver of a motor vehicle before stopping when the operation of another vehicle may be affected by such stopping shall give a hand signal as prescribed in the rule, or by a mechanical or electrical signal or device approved by the department. While the automatic stop light signal on the rear of the Hebert car is not shown to have been approved by the department, yet the fact that such a signal was given must be taken into consideration in determining whether or not young Hebert took proper precautions under the circumstances so as to relieve him of contributory negligence. The general rule is stated in Section 963 of Volume 2, page 120, Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed., from the second paragraph of which section we quote the following:
"A motorist who knows, or by the exercise of ordinary care can know, that another car is following closely behind, should, if he wishes to stop, warn the driver of the rear car by some appropriate signal of his intention. The conditions of traffic or otherwise, however, may be such that a failure to signal in such case will not constitute negligence; and it is ordinarily for the jury to say whether a signal should be given before slackening speed or stopping."
We conclude that the condition of traffic and the circumstances under which young Hebert was required to stop or slow down did not require him to give a hand signal; that the mechanical stop light signal on the rear of the car was all that could be reasonably required of him under the circumstances where it was necessary for him to make an emergency stop not caused by his own acts. In our opinion, the proximate cause of the accident was the negligence of the defendant in running into the Hebert car without keeping a proper lookout and without taking the proper precautions to stop his car. See Carruthers v. Holloway et al., La.App., 16 So.2d 746.
We have read and carefully considered the cases cited by learned counsel for the defendant, including Silverstein v. Board of Commissioners, 8 La.App. 304; Hill v. Knight, La.App., 163 So. 727; Boudreaux v. Iseringhausen, La.App., 177 So. 412, and Finance Security Company, Inc. v. Thurman et al., La.App.,9 So.2d 846, and we *Page 748 
find in those cases no signal at all was given when a sudden stop was made, and the traffic and other conditions were entirely different from those in the present case.
The defendant complains of the amount awarded as excessive. The amount of damage to plaintiff's car was based on a detailed estimate made by the service manager of the Quality Chevrolet Company who testified as to the correctness of the estimate. On the other hand, another mechanic made a casual examination of the damage to the car and stated that the damage could be repaired for $90. One of these estimates seems to be somewhat high, while the other seems rather low, and we think a fair amount can be arrived at by splitting the difference between the two estimates.
For the reasons assigned, it is ordered that the judgment appealed from be amended by reducing the amount from $174.59 to the sum of $132.30, and as thus amended, the judgment is affirmed; plaintiff to pay the cost of the appeal, and the defendant to pay all other costs.