This is a damage suit arising out of an automobile accident which took place on the extension of Florida Street in the Parish of East Baton Rouge on January 27th, 1948.
In his petition the plaintiff alleged that he was driving his Plymouth Coupe automobile going west on Florida Street, following a Dodge truck belonging to the defendant, W. B. Kennard, which at the time was being driven by Kennard's employee, one Clarence Taylor, acting within the course and scope of his employment. The accident occurred when Taylor turned into the driveway of the place of business of Irving and Company, situated on the north side of Florida Street, and the plaintiff ran into the right rear of defendant's truck. The principal acts of negligence charged against the defendant's employee is that preparatory to making the right turn he pulled over into the left lane as if preparing to make a left turn, and that immediately thereafter, without giving any signal, he turned to his right and in front of plaintiff's car. The prayer is for damages in the total sum of $883, the amount of $583 representing damage to the car, the amount of $100 representing depreciation in the car's value, and the amount of $200 representing the damage caused plaintiff through the loss of his car.
After filing an exception of no cause of action, which was argued and overruled, the defendant answered, denying any negligence on the part of his employee, and, in the alternative, set up the special defense of contributory negligence on the part of the plaintiff.
The facts, as disclosed by the pleadings and testimony show the extension of Florida Street to be a four lane highway which runs east and west, and which is divided by a neutral ground, which, at regularly spaced intervals, has "gaps" or openings through which vehicles may pass in order to change their direction of travel. Previous to the accident the defendant's employee, Taylor, was proceeding in an easterly direction out from Baton Rouge on Florida Street, and, upon reaching the intersection of Florida Street and Foster Drive, made a U-turn, and then proceeded westward in the right lane of travel toward Baton Rouge in order that he might reach the place of business of Irving and Company where he was supposed to pick up some articles. Irving and Company, as stated before, is on the north side of Florida Street, and is adjacent to the Miller Buick Company which is situated at some distance west of the intersection of Foster Drive and Florida Street.
After trial in the court below, the district judge stated in a written opinion that, admitting for the sake of his decision that the defendant was negligent, he was satisfied that plaintiff was guilty of contributory negligence which barred his right to recover. Accordingly, plaintiff's suit was *Page 333 
dismissed and judgment rendered in favor of the defendant. From that judgment, the plaintiff prosecutes this appeal.
In spite of some conflicts in the testimony, there are some points on which there seems to be agreement, especially with regard to the speed of the respective vehicles at the moment of the accident. After the defendant's employee had completed his U-turn, the plaintiff followed him at a distance of some 40 or 50 feet. Until reaching the Miller Buick Company's place of business, both vehicles were going at a rate of approximately 35 miles an hour. The truck then slowed down to 10 or 15 miles an hour, while the plaintiff admits that he reduced his speed only about 5 miles and was actually traveling at about 30 miles an hour when he ran into the truck.
The most seriously disputed point, and the one upon which plaintiff seems to rely most, is whether or not the movement of the truck in front of him was such as to lead him to believe that the truck was going to turn left into one of the openings of the neutral ground, thus permitting him to continue in his right lane of travel. In this connection the plaintiff testified that the truck pulled over completely into the left traffic lane. Further, he testified that though he did not at that time see the opening in the neutral ground, that he knew it was there, and assumed the truck driver, Taylor, intended to turn into it. Taylor, on the other hand, and his companion who was seated in the cab with him, both admit that a slight turn to the left was made, but the testimony of both is that he never did more than to carry the left wheels of the truck over the black center line of the highway. In this connection, the plaintiff himself admitted that the opening in the neutral ground was some 30 feet east of the driveway entrance to Irving and Company, and it seems unreasonable that the truck driver would make such a long left hand turn as the plaintiff seems to contend. On the other hand, however, it does seem entirely reasonable that the driver of the truck, which is described as being some 22 feet long, would veer slightly to the left preparatory to turning right into the Irving and Company driveway. There is violent disagreement as to whether any hand signals were given by the truck driver. From the view we take of the case, however, even assuming that no signals were given, we do not believe that such negligence can be said to have been the proximate cause of the accident.
The testimony shows that during the time that it took the truck to slow its speed to make the slight maneuver to the left and the turn to the right into the Irving and Company driveway, the driver of the automobile had some 40 or 50 feet in which to observe what was going on in front of him. This is admitted by the plaintiff himself. Instead of taking the precaution of slowing down, or of turning to the left to go around the rear of the truck after it had made its turn to the right, plaintiff chose to go straight ahead and to ram the right rear end of the truck with such force as to cause the truck to turn around and to be facing the east after the accident was over. Moreover, it is important to note that the plaintiff admits that he did not blow his horn or give any signal to the truck driver that he was following him. While this perhaps could not be said to have been the proximate cause of the accident, the fact that the plaintiff failed to take into consideration the movement of the truck ahead of him without reducing his speed any more than he did, and the further fact that the truck was already two-thirds of its length into the driveway, shows such heedlessness and contributory negligence as to bar recovery.
The applicable law to such a case is to be found in our State Highway Regulatory Act, Act No. 286 of 1938, § 3, Rule 8, Dart's Statutes, Sec. 5213, which provides: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle and the traffic upon and condition of the highway." Here the testimony showed the weather to have been cold and raining, which is sufficient to have required more prudence than usual in such a situation. The testimony shows *Page 334 
conclusively that the plaintiff failed entirely to exercise the precautions required of him by law. Certainly there has been no manifest error on the part of the trial judge, and the judgment is therefore affirmed.