GLADNEY, Judge.
Virgil McNeely brings this action in tort to recover damages to his Chrysler automobile incurred in an accident on September 10, 1952, when it struck the rear of a Ford automobile belonging to T. T. Tumminello, the defendant’s insured.
At the time of the accident, about mid-afternoon with clear weather, Martha McNeely, who was then about fourteen or fifteen years of age, was driving her father’s automobile and Toinette Tumminello, a young lady of approximately the same age as Martha, was driving the Ford automobile. Just prior to the collision Toinette had driven to the home of Sally Calhoun, for the purpose of letting out Sally Calhoun, her passenger, after which Toinette and Martha were to drive the two cars to the Tumminello home.
The petition alleges the following events which occurred after Sally Calhoun was deposited at her residence:
“That Sally Calhoun lives in a home, not far from the business section of Colfax; that said home is bounded on the south by Louise Street and on the west by Sixth Street; that both automobiles were driven in a westerly direction along Louise Street until the side entrance to the Calhoun home was reached; that Toinette pulled in next to the curb and Martha pulled up along the side of Toinette’s automobile, where both vehicles were stopped for a few moments until Sally could get out.
“That upon leaving Sally at the side entrance,- it was the intention of Martha and Toinette to continue on up Louise Street in a westerly direction so as to leave the Ford at the Tummi-nello home for the use of Toinette’s mother; that although Toinette’s car was next to the curb and Martha’s car was nearer the center line of said street, Toinette drove off first, apparently with the thought in mind that she would again go first; that Martha *602 let Toinette get started and drive off first, then started the Chrysler and proceeded to follow.
“That Toinette had only driven a short distance when she suddenly and abruptly stopped the Ford, just as the front end of the vehicle had about reached the east edge of Sixth Street, a cross street, without giving or attempting to give any sign, signal or warning whatever of her intention to stop1 to Martha whom Toinette knew was following her in the Chrysler; that despite all efforts on Martha’s part, taken by her just as quick as the reflex action of any careful and observing driver would permit, yet a collision between the two vehicles was inevitable.
“That Martha knew where Toinette was going, knew that Louise Street was a through street, and had no reason to expect or believe that Toinette would make a sudden stop before crossing Sixth Street; that Martha had only driven, from a standing stop, only about twenty steps until the front end of the Chrysler made contact with the back end of the Ford; that the Chrysler, which was equipped with what is termed a hydromatic transmission, had not picked up enough speed to shift automatically from low gear; that Martha was keeping a proper lookout and had full control of her mental and physical faculties; that she saw the Ford when the sudden and abrupt stop was made, without prior warning as aforesaid, and immediately applied the brakes but was unable to avoid colliding with the car ahead; and further, that she was not following the car ahead too closely, having just started forward and having in mind to let the car ahead widen the distance between the two vehicles as the rate of speed was gradually increased.
“That neither Martha nor Toinette had been chasing the other about town in the two vehicles, and neither had any reason to hurry home, and that both Toinette and Martha were familiar with the operation of automobiles; that Martha does not charge Toinette with making such a sudden stop for the purpose of having fun; that both were then and still are the very best of friends.
“That Martha was operating petitioner’s automobile with reasonable care under the circumstances, and that in this instance the close proximity between the two moving vehicles was not negligence in any respect; that there was no traffic on Louise Street, a right of way street, in either direction; that the condition of the brakes on the Chrysler was excellent, and that from the abrupt manner in which the car ahead was stopped, the brakes on the Ford were also in an excellent condition.
“That Martha applied the brakes on the Chrysler with such application of foot pressure that it caused the car to squat, so to say, and the front end to pitch downward, all of which was shown by the damage done to the rear end of the Tumminello Ford and the front end of petitioner’s Chrysler; that the front end of the Chrysler, in dipping down, came up under the bumper of the Ford, causing extensive damage to the Chrysler, but relatively little damage to the Ford; that according to petitioner’s information, the damage to the rear end of the Ford amounted to only about $30.00, while the damage to petitioner’s Chrysler amounted to $373.86, the sum herein sued for.”
Defendant’s answer was in the nature of a general denial, and set up the following alternative defense:
“Further answering the allegations of plaintiff’s petition, your defendant avers, in the alternative and only in the event that this Honorable Court should find that the accident in question was caused in any manner by the negligence of Toinette Tumminello, which is denied, that the said Martha McNeely, the driver of the Chrysler automobile *603 involved, was guilty of contributory negligence proximately causing the accident in question, for the following reasons among others, to-wit:
“(a) In that she was driving said automobile without a driver’s license and in violation of the law.
“(b) In that she did not have sufficient experience to operate said automobile in a prudent, safe and reasonable manner.
“(c) In that she did fail to keep a cautious, reasonable and proper lookout in accordance with law.
“(d) In that instead of watching the car which she knew to be immediately in front of her, she centered her attention on another automobile driven by a friend, and approaching from the opposite direction; that due to the signals given by the driver of the other automobile she should have anticipated that Toinette Tumminello would bring the Ford automobile immediately in front of her to a stop.
“(e) In that she was proceeding at an excess rate of speed under the circumstances and in too close proximity to the vehicle immediately in front of her.
“That, further, since the said Martha McNeely was operating the vehicle in question with the consent of her parents, and upon a community mission, the negligence of said Martha McNeely is imputed to the father, the plaintiff herein, and he is accordingly barred from any recovery thereby.”
Following a trial on the merits in which all of the testimony directly relating to the occurrence of the accident was furnished by four teenagers, Toinette Tumminello, Martha McNeely, Sally Calhoun and 'Bo Futrell, there was judgment in favor of plaintiff.
Our brother of the trial court has furnished us with written reasons for his judgment, which we find both accurate and comprehensive. After carefully reviewing the record, we adopt his findings of fact, which are as follows:
“When the Tumminello Ford stopped at the side entrance of the Calhoun house where Sally left the Ford to go into the house, it was only about 95 feet to Sixth Street. The Chrysler was driven up beside the Ford and after Sally left the Ford, Toinette drove her car from the side of the street out into the street and started on the journey previously agreed upon by the operators of the two cars. They knew that Louise Street on which they were going was a through street and had no reason to believe that a stop would suddenly be made before crossing Sixth Street. Bo Futrell was traveling Louise Street from the opposite direction and expected to turn left into Sixth Street, but when he saw the other two cars approaching from the opposite direction he stopped his car and waited to see what course they would take. Toinette saw the approach of Bo and suddenly and without warning stopped her car a few feet from Sixth Street to wait and see whether or not Bo turned left, and because of her sudden stop Martha was unable to stop the Chrysler she was driving in time to avoid a collision. She applied her ■brake just as the collision occurred but too late to avoid the accident. All of this happened within a space of less than 90 feet from the point of starting and neither car could have been going fast.
“It seems to present a situation in line with the jurisprudence and law of the State. Both drivers knew where they were going and the following driver had no reason to believe that the lead driver would suddenly stop the automobile she was operating. She did this without warning and under the law and jurisprudence above quoted and the facts disclosed by the evidence in the case, we conclude that the driver of the car in the rear can only anticipate a reasonable observance of the rules *604 of the road and of driving by the driver of the car ahead and that there was nothing to cause the driver, of the car in the rear to anticipate a sudden and abrupt stopping without any signal or conduct suggesting such action or any apparent circumstance calling for it.
“The drivers of the cars had not been chasing each other but were on rightful missions for their parents, and when they left the Calhoun home.they knew where they were going and the driver of the car following could not anticipate a sudden stopping of the lead car without any signal or conduct suggesting such stopping. The girls were friends and school mates and no difference arose between them over the accident or the cause of the accident. It was a circumstance where the following car had only a few feet in which to prevent a collision caused by the sudden stopping of the lead car.”
In argument and brief it is apparent that respondent relies upon its plea of contributory negligence as set forth hereinabove.
The first specification of the defense is that Martha McNeely was driving said automobile without a driver’s license and in violation of the law. Counsel have not pointed: out' any causal connection between Martha’s operation of the vehicle and her failure to have a driver’s license. Before a breach of statute can have application such causal connection must be shown. See Moreau v. Garritson, La.App., 1936, 166 So. 660; Paquet v. Renken, La.App., 1947, 30 So.2d 218.
The second count of negligence suggested is that the minor daughter of plaintiff did not have sufficient experience to operate the automobile in a prudent, safe and reasonable manner. In answer to this it may be said to be obvious that the young driver had not at the time of.the accident many years of driving experience, but the record is silent as to any evidence indicating that she was not a normal or average driver. In this respect the charge is not supported by the record.
Counsel for the defendant strongly rely upon an assertion the driver of plaintiff’s car failed to keep a cautious, reasonable and proper lookout in accordance with law. It is averred Martha was waving goodbye to Sally Calhoun while her car was moving and because of this want of attention she was not alert or she would have sooner applied her brakes. This averment, we think, was not proven. Both Martha and Sally Calhoun testified that although the motor was running when Martha waved goodbye to Sally and blew her horn the car had not commenced to move forward. Bo Futrell testified he believed that Martha was waving after starting her forward movement but his statement is contradicted by'the testimony of the two girls as stated above who were in a better position to know what actually took place.
Further, counsel maintain Martha was following Toinette just before the collision at a distance of from 20 to 30 feet and because 'of the low speed of approximately 10 miles per hour, had she been keeping a proper lookout she could have stopped the Chrysler car before it struck the Ford. Counsel also1 point to the testimony of Toin-ette as indicating three seconds elapsed from the time she brought the Ford to a stop until the 'collision. We do not agree with either of these points of' contention. When Sally Calhoun got out of the' car the two cars were alongside, each driver being in place under the wheel with the motor running. As soon as Sally stepped out, of Toinette’s car, Toinette moved forward. Martha waved to Sally, tooted her horn-and as Toinette moved in front of Martha’s car the Chrysler immediately followed. Theac-cident occurred within a space of 95 feet from the starting point. Manifestly, there wás very little distance between the two cars. They were both moving somewhat slowly with increasing speed and with but little distance separating the two up to the point of impact. The interval between the two cars would have, of course, gradually widened as the two cars proceeded. We do not think that under these circumstances any of the witnesses could have accurately gauged the time elapsing from the stopping *605 of the Ford car and the impact' or that Martha could have accurately determined the distance between the two automobiles immediately 'before the accident.
Respondent suggests also that had Martha observed the signals given by the driver of the Futrell automobile she would have anticipated Toinette would bring the automobile immediately in front of her to a stop. It is admitted that Toinette gave no signal whatsoever. Although Martha said she knew Bo Futrell would make a left turn at the intersection for the purpose of visiting a girl friend, she did not testify this would take place before Toinette’s car crossed the intersecting streets. Louise Street on which the three automobiles were traveling is accorded the right of way over the cross street referred to. Therefore, Martha logically would assume that Bo would wait until the two cars passed him before he attempted to make the dangerous left turn in front of Toinette. There was no reason for Martha to expect Toinette to bring her car to a stop.
Finally, it is urged that Martha Mc-Neely was proceeding at an excessive rate of speed under the circumstances and in too close proximity to the car immediately in front of her. This issue is one of fact and law. We have already referred to the inability of the witness to accurately space the interval between the two .automobiles. We think the charge must be resolved against respondent.
By virtue of the provisions of LSA-R.S. 32:234, subd. A, the driver of a motor vehicle is prohibited from following another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicle, and the traffic upon and condition of the highway.
In the case of Adams v. Morgan, La.App., 1937, 173 So. 540-542, the court enunciated the following which reflects the prevailing rule in our jurisprudence:
“The best and safest rule which it seems possible for the goyerning authorities and the courts to have formulated is the one which requires the driver of the car following another to maintain such speed and such distance from the lead car as to be able to meet the usual and ordinary movements of a car using the highway. Such in effect is the provision in our own State Highway Regulatory Act. Rule 8(a) section 3, Act No. 21 of 1932. Whilst he is expected to he prudent in following another, the driver of the car in the rear can anticipate a reasonable observance of the rules of the road and of driving, by the driver of the car ahead of him.” (Italics ours.) See McDaniel v. Capitol Transport Co., Inc., La.App., 1948, 35 So.2d 38; Smith v. Smith, La.App., 1948, 36 So.2d 388; Reeves v. Cailouet, La.App., 1950, 46 So.2d 373, 376.
This court is of the opinion that Martha McNeely was entitled to believe that her friend, Toinette, in the absence of a signal would continue without bringing her automobile to an abrupt stop within such a short distance from the starting point. Martha, wfe believe, was not guilty of negligence in following the Ford automobile so closely. Both cars were going at an extremely low rate of speed and traveled but a short distance from the starting point. Under these circumstances the driver of plaintiff’s car cannot be said to be guilty of contributory negligence. The proximate and sole cause of the accident was the abrupt and unexpected stopping of the Ford car without any advance warning thereof.
In support of the position of defendant, counsel have cited the following cases: Finance Security Co., Inc., v. Thurman, La. App., 1942, 9 So.2d 846; Carruthers v. Holloway; La.App., 1944, 16 So.2d 746; Boudra v. Williams, La.App., 1944, 17 So.2d 502; Hebert v. Keller, La.App., 1944, 17 So.2d 746; Vienne v. Chalona, La.App., 1946, 28 So.2d 154; Adams v. Kennard, La.App., 1949, 42 So.2d 332.
We have carefully read these authorities and do not find them apposite. It may be said that generally these cited cases deal 'with autmobiles that are traveling át normal or average speed. In the instant case the circumstances are most unusual and not *606 comparable in any respect with the cited cases.
It follows from the foregoing reasons that the judgment from which appealed should be and it is hereby affirmed at appellant’s cost.