## MOREAU et ux. v. GARRITSON et al.
### No. 16220.

Court of Appeal of Louisiana. Orleans.
March 23, 1936.

Weiss & Weiss, of New Orleans, for appellees.

JANVIER, Judge.

The automobile collision from which this litigation results occurred at the intersection of St. Patrick and Canal streets in New Orleans at about 1:30 o'clock in the afternoon of Sunday, December 17, 1933. The two cars involved were a Dodge sedan owned and driven by defendant, Garritson, and a Chevrolet coach owned by James G. Moreau, one of the plaintiffs, and driven at the time by his wife, Mrs. Moreau, the other plaintiff.

The Dodge was being driven on the upper side of Canal street in the direction of the Mississippi river, and the Chevrolet was going across Canal street from the lower to the upper side. The vehicles met at about the center of the intersection of the upper roadway of Canal street, and, as a result, Mrs. Moreau was thrown from the Chevrolet to the pavement and received physical injuries, the most serious of which her physician describes as "a complete fracture at the junction of the lateral and middle third of the left clavicle or collar-bone."

Moreau, as master of the community which exists between himself and his wife, seeks solidary judgment against defendant, Garritson, and his liability insurance carrier, in the sum of $245.50, alleging that to be the amount of expenses necessarily incurred for drugs and medicines purchased for, and medical attention rendered to, his wife, for incidental losses resulting from the accident, and for the cost of repairing the damaged automobile, and Mrs. Moreau also seeks solidary judgment against the two defendants in the sum of $25,000 for her pain and suffering, mental anguish, etc. The matter was tried by jury, which, by a vote of 10 to 2, returned a verdict in favor of Mrs. Moreau for $500 and in favor of Mr. Moreau for $200.

The negligent acts with which Garritson is charged are as follows: That he operated the automobile "at a reckless and negligent rate of speed and in violation of and in excess of the speed permitted by the traffic ordinances of the City of New Orleans, especially Ordinance No. 13,702 * * *"; that he operated the said car "at a rate of speed in excess of that dictated by proper care and caution"; that he "failed to avoid running into petitioners' coach, which avoidance was and would have been entirely possible, by the exercise on the part of the said Garritson of proper care, caution and observation"; and that he "was not looking and observing."

Defendants deny that Garritson was in any way negligent and, in the alternative, charge that the true cause of the accident was the contributory negligence of Mrs. Moreau, in that she was not keeping a proper lookout as she emerged from the neutral ground into the roadway, and also in that she, at the time, was operating the car at a rate of speed higher than that permitted by the applicable traffic ordinance of the city of New Orleans, to wit, No. 13,702, C.C.S., which was also referred to by plaintiffs and made part of their petition. Defendants especially aver that Mrs. Moreau's negligence consisted of the following acts: That she was not keeping a proper lookout; that she was "traveling at a reckless and dangerous rate of speed"; that she "failed to stop either before entering the neutral ground of Canal Street, or on said neutral ground before leaving it"; that she "failed to sound her horn or give other signal or warning of her intention to leave the neutral ground"; that she "failed to make sure that there was no automobile approaching * * * St. Patrick Street in such close proximity to her own vehicle as to make it unsafe for her to enter the upper driveway of Canal Street"; that she "dashed into the path of the said Garritson when he was so near to her as to make it impossible * * * to avoid coming in contact with her automobile"; and that she "failed to wait until the electric car—which was in a position between the two vehicles * * * had moved on and the view of her right out

Canal Street was clear." It is also charged that the brakes on the car operated by Mrs. Moreau were defective, that she possessed no driver's license, as required by the city ordinances of New Orleans, and that the automobile operated by her bore a truck license instead of an automobile license.

The record shows that, as Mrs. Moreau, in the Chevrolet, crossed the lower roadway of Canal street, she saw that a street car on the neutral ground of that street was approaching the intersection on which she intended to cross, and that, as the street car was required to stop at that intersection, the motorman signaled to her to cross ahead of the street car, and that, after she did and had entered the upper roadway, her car was struck by that of Garritson.

She and several witnesses state that the Dodge car of defendant was approaching at a high rate of speed, and, while this is denied by defendant, we feel that on this point the evidence preponderates in favor of plaintiffs. Garritson seems to have been approaching at about 25 or 30 or, possibly, 35 miles an hour.

■ But the principal controversy results from a dispute as to whether the actions of Mrs. Moreau, as she was about to enter the roadway, constituted negligence on her part. She admits that she saw the Dodge car approaching, and she claims that she stopped before she attempted to cross ahead of it, and that, even after making this stop, she saw that the Dodge was still about a half square away. She does not contend that she sounded her horn. Whether she did stop is extremely doubtful, because we cannot believe that, had she done so and had she seen the Dodge approaching at the rate of speed at which she alleges it was moving, she would have driven out from her position of safety directly into its path.

It could not have been a half square away, because, had it been as far as that, its speed was not sufficiently great to have permitted it to reach the crossing in time to cause a collision.

Furthermore, we cannot but interpret the allegations of plaintiffs' petition than as containing a concession that Mrs. Moreau did not entirely stop before she left the protection of the neutral ground. Plaintiffs allege that, before the Moreau automobile entered the roadway on the lower side of Canal street, "Mrs. Moreau brought said coach to a full stop," and

immediately following this allegation is another to the effect that, after passing in front of the street car, she entered the upper roadway, "pausing just before entering."

In view of the evidence, which is conflicting as to whether she actually stopped, we cannot but interpret these allegations as being an admission that, in the first instance, she came to a full stop, whereas, in the second, she slowed down, or almost stopped. The traffic ordinance which is applicable provides, in subparagraph (a) of paragraph 10 of article VI, that vehicles situated as was the car of the Moreaus may obtain the right of way to proceed across the other side of a neutral ground street, provided such a vehicle "shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop."

It is very evident that Mrs. Moreau did not sound the horn on the Chevrolet, and it is also clear, we think, that she did not accord to the oncoming Dodge a reasonable opportunity to come to a full stop, and we feel, also, that it is rather certain that she herself did not come to a stop before leaving the protection of the neutral ground. She was thus clearly acting in violation of the ordinance, and therefore was herself guilty of negligence which obviously had causal connection with the resulting catastrophe.

■ Nor can it be said that Garritson had the last clear chance to avoid the accident. We feel that the record shows that, when Mrs. Moreau emerged in the Chevrolet, Garritson was so near that his speed made it impossible that his car be brought to a stop in time to avoid the accident. When he realized that an emergency was presented, there was no longer an opportunity for him to avoid it.

■ There is no causal connection between the accident and the fact that Mrs. Moreau had not obtained a driver's license and the further fact that the automobile was not equipped with the license required by the laws of Louisiana.

We fully realize that only a question of fact is involved and that a jury has returned a verdict in favor of the plaintiffs on this question of fact. But we cannot overlook, also, the action of the jury in rendering a verdict for only $500 for in-

juries which, manifestly, would have entitled plaintiff to a much larger sum if the jury had been thoroughly convinced of the correctness of its finding.

Nor can we overlook the further fact that the jury did not reach a unanimous verdict. The evidence requires that we hold that the verdict was obviously and manifestly erroneous.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendants, dismissing plaintiffs' suit at their cost.

Reversed.