This case is before us for the second time. It grew out of an intersectional collision between cars driven by the two defendants. The issues and facts of the case were fully stated in our former opinion, reported in 188 So. 406, and no good purpose could be served by reiterating them here.
After the original trial in the lower court, Judge Hooe rendered a lengthy written opinion in which he absolved defendant Hayden from any negligence and rejected plaintiff's demands as to him.
The pivotal question in the case was whether or not Hayden had brought his car to a stop before entering the intersection. *Page 444 
He so testified and was corroborated by two negro witnesses, namely, Burley Jones and Louis Edison, who claimed to have been at the scene of the accident. Judge Hooe, in his written opinion, expressed the opinion that he believed the two witnesses were telling the truth and that Hayden told the truth. His opinion and judgment were based on this testimony.
Plaintiff filed an application for a new trial alleging that he could prove by certain witnesses that the two negro witnesses were not present at the scene of the accident, which application was overruled by the lower court. On appeal here, we were not satisfied that the two witnesses were present at the scene of the accident and exercised our right to remand the case for the purpose of hearing all testimony relative thereto.
When the case came on for trial below the second time, it was tried before Judge Culpepper, the other judge in that district, and after hearing the testimony offered by both sides, he rendered a written opinion giving his reasons for believing that the two witnesses were present at the scene of the accident and for believing they testified truthfully that Hayden did bring his car to a stop before entering the intersection. Therefore, the veracity of these two witnesses has been vouched for by both district judges of the Ninth Judicial District of Louisiana and we would be without justification in disregarding their testimony.
The lower court found that Hayden brought his car to a stop then slowly proceeded to cross the intersection and had negotiated thirty feet of its distance before it was struck broadside by the car driven by Martin. If this finding is correct, then certainly Hayden is absolved from all blame for the accident. When we consider the testimony of Jones and Edison, we cannot say there is manifest error in this finding of the lower court. If Hayden entered the intersection slowly and traversed thirty feet of it before being struck by the car driven by Martin, it is certain that the Martin car was far enough away for Hayden to be justified in law in entering the intersection.
It therefore follows that the judgment of the lower court is affirmed, with costs.
 On Rehearing.
This case was first submitted to this court in December, 1938. The judgment therein, appealed from, was set aside and the case remanded with instructions to hear testimony pro and con as to whether the witnesses, Burley Jones and Louis Edison, were on Monroe Street at or near the intersection when the collision occurred before, in a position to have seen defendant Hayden stop his car before entering the intersection as testified to by them on orig-tween the cars of the defendants and, there-inal trial in the lower court.
Pursuant to the remand the lower court reopened the case and heard testimony bearing upon the questions comprehended therein and thereafter reaffirmed the conclusions previously reached by it, which were:
That said witnesses were present at the time and place related by them and that their testimony was worthy of belief. Lengthy written reasons to support said conclusions were assigned and are in the record. Therefore, the court again found that Hayden did stop his car before entering the intersection, exonerated him from negligence and rendered judgment rejecting plaintiff's demand as against him. Plaintiff again appealed. The case was again heard and submitted in this court on the first day of May, 1940.
Whether or not the witnesses, Jones and Edison, were present when the accident occurred is purely a question of fact. Whether their testimony is worthy of belief is a matter which addresses itself to their credibility. In each instance the trial judge was in a much more advantageous position to weigh, determine and pass thereon than is this court. Such questions address themselves to the sound judgment of the trial judge and an appellate court should not overrule his deliberate conclusions thereon except when manifest and glaring error appears. Unanswerable reasons should form the basis for such action.
As we approached the case for second consideration the written reasons for judgment assigned by Judge R.C. Culpepper, after second trial, were studied. The organ of this court who wrote the second opinion (and also the first one) was then under the erroneous impression that at the first trial below Judge Hooe presided and, laboring under this error, proceeded to adjudicate the issues tendered. Judge Culpepper presided at each trial. We very quickly decided that if both judges of the lower court weighed and considered the testimony of Jones and Edison along with other pertinent testimony and had reached identical conclusions thereon and as to the non-liability of Hayden for the accident, our duty to accept *Page 445 
such conclusions as a correct and final solution of the question was obvious. We did so and affirmed the judgment appealed from. Our error was not discovered until brought to our attention by plaintiff's application for a rehearing. A rehearing was granted to correct this palpable error and to give the case further consideration under a correct appreciation of the suit history as it transpired in the lower court.
The lower court found and held that Hayden, as by him contended, did stop his car before entering the intersection and had the right to enter it as he did, under the facts and circumstances then existing, and had gained a right of precedence thereto by pre-emption when run into by the Martin car.
The facts of the case and the issues involved are at length narrated in our first opinion, 188 So. 406. These will not here be repeated save as may be needful to this opinion.
Hayden was traveling north on Fourth Street and defendant, Martin, was going west on Monroe Street. These streets cross at right angles, each being thirty-three feet two inches wide between curbs. Martin entered Monroe Street from Third Street, which is two hundred thirty-three feet six inches east of Fourth Street. Hayden stopped his car on Fourth Street before entering the intersection and assuming, as the testimony indicates, that he did so south of the traffic lane across the street, he had an unobstructed vision to his right on Monroe Street of one hundred thirty-four feet eight inches from the southeast corner of the intersection. He testified that he looked over this distance, saw no vehicles coming from that direction, and feeling that he was warranted in doing so, put his car in low gear and started slowly across the intersection. He had reached the southwest quarter of the northeast quadrant of the intersection when violently rammed by the Martin car. The impact was so forceful that the Hayden car was driven out of its course to its left at an angle of approximately thirty-five degrees, being pushed by the Martin car, until it struck the heavy iron guard rail some thirty feet away, on which plaintiff was sitting, and demolished it.
It is beyond dispute that Martin was grossly negligent in these respects, to-wit:
Operating his car at a speed approximately three times as great as authorized by law; not maintaining proper lookout for traffic in the intersection and not keeping his car under the degree of control which the exigencies of the situation required. His negligence in these several respects certainly amounts to a or the proximate cause of the accident. This leaves for determination whether Hayden was to any extent negligent, and if so was his negligence also a proximate cause of the accident.
It is not improbable that Martin had entered Monroe Street before Hayden entered the intersection but was east of the distance which Hayden could see thereon when at stop on Fourth Street; in other words, more than one hundred thirty-four feet east from where Hayden was. It requires no stretch of the imagination to conclude that Martin was traveling approximately four times as rapidly as was Hayden. Therefore, it is reasonable to conclude that Martin could have and doubtless did travel at least one hundred fifty feet while Hayden was traveling about thirty feet to the point of the collision. When Hayden had well pre-empted the intersection Martin was probably seventy-five feet or more from it. Had his speed been within the law or nearly so, he could easily have stopped his car before ramming that of Hayden.
It was not Hayden's fault that he could not see farther down Monroe Street than one hundred thirty-four feet. Unless the right be given him to enter the intersection under the circumstances he did enter it, then he could not legally enter it at all. When he stopped his car and scanned the street to his right for traffic and seeing none he had the unquestioned right to cautiously proceed forward and as he did so he legally pre-empted the intersection so effectively that traffic from all directions was in duty bound to respect his superior right thereto. When he observed no traffic to the east he assumed, as he had the right to do, that if there were traffic beyond a distance of one hundred thirty-four feet coming toward the intersection, the legal limitation on speed would be observed by it and that if this were done no threat to his safely crossing over would be offered. He naturally believed he could successfully negotiate the intersection while the other fellow was making one hundred thirty-four feet or about. Had the law not been breached by Martin, Hayden's calculations would not have gone awry.
The right-of-way which Martin had did not accord to him the correlative right to ignore the rights of others nor vest him with the privilege of violating a law designed *Page 446 
for his own protection as well as that of others. The violation of a law is per se negligence and is actionable when the proximate cause of injury to others. It was such a cause in this case.
Blashfield's Cyclopedia of Automobile Law and Practice, Perm.Ed., Vol. 2, pages 200, 201, § 1029, treating of the rights, duties and care of motorists on non-right-of-way streets at intersections, says:
"An automobilist, against whom the traffic regulations with reference to intersectional rights of way operate, and who, in consequence thereof, is under a duty to respect the right of way of those whose path the road he is traveling crosses, is nevertheless not required to anticipate that a driver having the right of way will violate traffic regulations or will cross an intersection without slowing down as required by law.
"On the contrary, although not having the right of way, he is nevertheless entitled to assume that approaching vehicles or drivers so favored are not approaching at a negligent rate of speed, or in violation of law, and may assume, until the contrary appears, that such a motorist will operate his car with the care ordinarily displayed by a reasonably prudent person and will comply with the regulations applicable to the use of the highway."
A leading case of this court wherein was involved the principles of traffic law covered by the above quotation from Blashfield is that of McDonald v. Stellwagon, La.App., 140 So. 133. The law as enunciated in this case is in entire accord with Blashfield. In that case defendant Gilbert's status corresponds to that of Hayden in the present case. The first section of the syllabi exonerates Gilbert from all responsibility for the collision. It reads as follows: "Automobilist looking down intersecting right of way street from point where he could see over half block before starting across very slowly held not guilty of negligence proximately causing collision with speeding automobile beyond range of vision at such time."
Truly this may be appropriately applied to Hayden in the case at bar. The jurisprudence of this state abounds with cases subsequently which affirm this doctrine; in fact, there is no dissent therefrom. Sweeney et al. v. New Orleans Public Service, Inc., et al., La.App., 184 So. 740, is typical of the principle.
We are of the opinion that the negligence of defendant Martin was the sole cause of the accident involved herein and, therefore, the judgment rejecting plaintiff's demand against Hayden is correct. It is affirmed, with costs.