KENNON, Judge.
Plaintiff, subrogee of one Horace Beau-vais, owner of a DeSoto automobile, filed this suit against the defendant as public liability insurer of an International truck owned by one Telles Gremillion. The petition alleged that the damage to the Beauvais DeSoto automobile was the result of the negligence of the driver of the Gremillion truck in suddenly turning into the left or inside lane of traffic and into the path of the DeSoto automobile, without prior signal or warning.
Defendant filed an exception of no cause or right of action in which it was set forth that the petition, which alleged that the collision took place “at the intersection of MacArthur Drive with Jackson Avenue” affirmatively alleged contributory negligence in that the driver thereby violated Section 3, Rule 7(e) of the Plighway Regulatory Act, Act No. 286 of 1938, which prohibits passing at highway intersections.
After this exception was overruled, defendant filed an answer admitting the occurrence of the collision and its insurance coverage of the truck involved. Defendant then averred that the sole proximate cause of the accident was Beauvais’ negligence in attempting to pass the truck at an intersection, in violation of Rule 7(e) of Section 3 of the Highway Act, and despite the hand signal for a left turn given by the driver of the Gremillion truck. In the alternative, and in the event the Court should find the truck driver guilty of negligence, defendant pleaded the above acts of plaintiff’s subrogor as contributory negligence barring recovery.
Plaintiff has appealed from the District Court’s judgment rejecting its appeal.
*354 The version of the accident given by plaintiff’s subrogor, Beauvais, at the trial, vhich was held some two years after the accident, was not substantially different from a signed statement made by him soon after the collision, from which we quote: “This (Gremillion) truck was going about 15 miles per hour and I naturally got up to it. I was about 300 yards behind this truck when I noticed a car coming out a blacktop road from the fields to my left. I thought this car was going to continue across the highway on MacArthur Drive. I began laying on my horn to warn this car coming across the highway. The truck was still ahead of me. This car coming from my left stopped in the middle of intersection and in middle of neutral ground close to the lane in which I was travelling. All of a sudden when I looked back straight and took my eyes off of this car, I saw this old truck had cut in front of me and was in left lane ahead of me and the front part of this truck was up in this intersection as the truck was turning into this intersection.”
Defendant’s witnesses testified that the truck, moving north very slowly, moved over into the left lane of traffic fifty or seventy-five feet before reaching the intersection, and that, at the time the overtaking car first sounded its horn, the position of the truck was such that the collision occurred notwithstanding that this vehicle was promptly brought to a stop.
Counsel for plaintiff in brief argues that the collision took place south of the intersection and before the vehicles reached the intersection. However, from the testimony as a whole, including the report of the state trooper who talked with the parties involved soon after the accident occurred, and who observed the glass and debris, we place the point of impact in the center of the east end of the road crossing the neutral ground and at its intersection with the left border of the northbound lane of MacArthur Drive.
We have no difficulty in reaching the conclusion that the driver of the truck insured by the defendant company was guilty of negligence in that he moved over into the left lane of traffic and began a left turn at a time when directly in front of the-overtaking DeSoto. The truck driver making the left turn was further negligent in not seasonably moving his vehicle into the lane nearest the neutral ground on the truck’s left as required by Rule 9 of Section 3 of Act 286 of 1938.
We next consider whether the driver of the DeSoto automobile was guilty of contributory negligence in attempting to overtake and pass the truck at the intersection of Jackson Street extension and MacArthur Drive in violation of Rule 7(e) of Section 3 of Act 286 of 1938. The testimony of all witnesses, including plaintiff’s, own, leads to the inescapable conclusion that a principal cause of the accident was the action of Beauvais in passing the Gre-million truck as the two vehicles reached the intersection, and that the other principal reason for the occurrence of the collision was the left turn of the Gremillion vehicle-into the intersection at a time when the De-Soto automobile was almost directly alongside and in the midst of the overtaking and passing. Had Beauvais respected the highway act prohibition against passing at an intersection, his car would not have been-in the position of danger.
While we agree with the contention of counsel for plaintiff that the violation of a highway rule is not negligence per se,. nevertheless, when the -facts are such that no collision would have occurred had the offending driver not violated the highway rule, the violation of the rule is an act of negligence. Counsel for plaintiff calls attention to the fact that there is no sign on the highway to warn a motorist on the northbound lane of MacArthur Drive that he is approaching this intersection. However, the testimony of Beauvais himself shows conclusively that he knew of the-existence of the intersection as he testified that he saw the Ford automobile approaching MacArthur drive from his left, saw it cross the southbound lane and come to a stop in the neutral ground.
Under these circumstances, we conclude that while the driver of the truck was clearly at fault in making the left turn, the driver of the DeSoto automobile was guilty of the *355 contributory negligence pleaded in defendant’s exception and answer, and that this contributory negligence was a proximate cause of the collision and bars recovery by Beauvais’ subrogee.
The judgment appealed from is affirmed, with costs.