ELLIS, Judge.
Plaintiff has filed this suit in which he is seeking damages for personal injuries received as the result of a truck which was owned and being driven by the defendant John • Martinolich backing over his lower abdomen and right leg, while in the process of unloading dirt on a levee being constructed north of Belle River.
' Plaintiff alleges that he was engaged as a checker and was to direct the unloading of the dirt on the levee; that on.the 29th of September, 1949 at about 11:45 p. m. he had directed the defendant as to where to dump the load of dirt on the left hand side of the levee, and that the defendant disregarded the instructions and backed the truck to unload the dirt on the right hand side and in so doing carelessly, negligently and without skill or care, backed the truck over, the plaintiff.
The defendant Martinolich admits the ownership of the truck and that he was driving same and alleged that he was directed by the plaintiff as to where the ‘ dirt should be unloaded, and that he had complied with plaintiff’s instructions, but because of. the negligence of the plaintiff the latter was struck by the truck. The defendant denies apy negligence on his part and in the alternative specifically pleads the contributory negligence of the plaintiff -in the following respects:
a.. In directing the truck driver to back up and then walking directly in the path of the said truck.
b. In failing to exercise reasonable care and caution in connection with the operation which he was directing.
c. In assuming the risk which existed and affirmatively placing himself in a position of danger.
*142 d. In failing to give any warning or signal whatsoever to the driver of the truck that he intended to place himself in the path of the said truck for the purpose of unloading the dirt.
e. In failing to exercise reasonable care of a reasonable man under like and similar circumstances.
f. In failing to exercise the last clear chance which was his to avoid the accident by simply stepping out of the way of the said truck.
The case was duly tried and resulted in a judgment dismissing plaintiff’s suit at his cost, from which the latter has perfected an appeal to this court.
The record reveals that defendant was one of a number of drivers and owners of dump trucks engaged in the hauling of dirt for the construction of a levee north of Belle Chase. The driver of the truck would drive up on the levee, turn his truck so as to be able to back to a spot designated by an employee, in this case the plaintiff, known as a “checker” or “spotter.” As soon as the plaintiff or “spotter” had designated the proper place for the unloading of the dirt, the truck driver would proceed to back up to this spot and dump his load of. dirt.
' It is shown that on the night-the accident occurred, the plaintiff had directed some seven or eight trucks, each of which had made about 35 or 40 loads, as to where the loads should be placed. It appears from the testimony that the plaintiff always gave the signal while standing to the left and rear of the truck, which is logical as it is clearly shown by the evidence that the truck drivers could not see over the dump truck bodies to the right rear. After the signal was given the truck drivers paid no more attention to the plaintiff, or spotter, but proceeded to back to the place designated, in order to unload the dirt.
It is the testimony of the defendant that about 12:00 M. he came upon the levee with a load, turned to his left so as to get in position to back his truck, and the plaintiff was standing to the rear of the truck on the left hand side, gave him a signal by waving his arm that the dirt was to be unloaded on the right side of the levee. He immediately opened his door and with his head out, proceeded to back to the spot designated, and when almost there he heard the plaintiff cry out, stopped his truck, and found the plaintiff some five or six feet down the side of the levee. It was then that plaintiff informed him that the wheel of the truck passed over his lower abdomen and right leg.
There is only one material difference between defendants’ version and plaintiff’s. The plaintiff testified that he signalled defendant to back up and put his load on the left side of the levee close to where plaintiff was standing when he gave the direction. Both plaintiff and defendant testified that after giving the signal the plaintiff then started walking across the levee to his right toward what is referred to as the “light plant.” After each load was dumped it is shown that the plaintiff had to fill out a ticket and give to the drivers of the trucks, and the plaintiff testified that he crossed over to his right nearer the light in order to make’out this ticket and that he had just completed doing this when he looked up ' and the truck was right on him and knocked him down and ran over him as aforesaid.
, Should plaintiff’s version as to where he designated the dirt to be unloaded be accepted the worst interpretation that could be placed upon the defendant’s action was that he misunderstood the waving arm signal of the plaintiff. There is no intimation that he wilfully and deliberately disobeyed plaintiff’s signal.
Plaintiff’s duty was only half done when he designated or pointed out the place on the levee where the dirt was to be unloaded. It still remained for him to see that the dirt was unloaded in that spot, and accépt-ing his version that the' defendant misunderstood his signal, it was still his duty to watch the truck driver and see that he backed to the spot designated. Instead'of doing this he immediately turned and walked across the levee behind the backing truck and to the right where he could not possibly be seen by the defendant, which he well knew. He was guilty of contributory negligence while the defendant was guilty *143 of no negligence. Other truck drivers who testified in the case stated that the moment they got the spotter’s signal they proceeded to back without watching the spotter’s movements, as they stated he was supposed to take care of himself.
There is also testimony in the record that all spotters including the plaintiff were instructed to stay on the left hand side of the trucks where they could be seen. It was. clearly the plaintiffs duty to watch the backing trucks and particularly when he left the place of safety where he could be seen by the truck drivers to cross to the right hand side of the truck where he knew it was utterly impossible for the driver to see him.
The plaintiff also contends that the truck driver allowed his truck to get out of control in that it slipped to the right while backing. The plaintiff and defendant both testified that the top of the levee was slick from the dew, therefore the plaintiff knew that a truck was likely to slip without the driver being at fault.
Counsel for defendant has cited the case of Duke v. Dixie Bldg. Material Co., Inc., La.App., 23 So.2d 822, as being similar to and decisive of the issues in the case.at bar. In that case the plaintiff therein .occupied very much the same position and was supposed to perform much the same duties as the plaintiff in the present case. In the cited case it was shown 'that the driver of a concrete mixer truck belonging to the defendant was handling the concrete and in order to do so it was necessary that he back the truck so as to unload the concrete into a trench paralleling the curb of the street. In order to do this the concrete was to be poured into a chute which necessitated the truck being backed over the curb.
. The Court found, among the important facts, that plaintiff knew of the intention of the driver to back the truck, that he watched the truck during the entire backing movement; that it was being backed into the exact position into which it was expected to back and that the movement was made at a very slow speed. The Court found that even if the driver was at fault in not raising or stabilizing the chute through which the concrete was to be poured, that it was certain that the negligence of the plaintiff himself was a proximate cause of the accident. The Court stated that the truck was backing very slowly and that the plaintiff saw it coming (in the present case he should have seen it coming for. he should have been watching) and had selected the spot toward which it was backing'; further that the plaintiff knew that he was standing on the side opposite that on which the driver sat and therefore the driver could not see him either by looking backward or by looking into the rear view mirror, yet he assumed that dangerous position close to the path of the truck and was hit either by the backing truck or by the swinging chute.
Many of the negligent acts of the plaintiff in the cited case were committed by the plaintiff in the present case and as in that case the plaintiff herein is contributorily negligent.
The sole proximate cause of this accident was the contributory negligence of the plaintiff, and even if this were not true, the plaintiff had the last clear chance to avoid the injuries to himself.
For the reasons given the judgment of the District Court is hereby affirmed.