HARDY, Judge.
This is an action for the recovery of damages resulting from personal injuries sustained by plaintiff, who prosecutes this appeal from judgment of the district court, after trial on the merits, rejecting his demands.
The accident occurred on Louisiana Highway 1 at a point some three miles west of the City of Alexandria at or about 6:45 p. m. on December 2, 1955. Plaintiff, John Byrd,' and another negro by the name of Willie Rainey, were passengers standing on the rear-end of a tractor being driven by Louis Rainey westerly, that is, in a direction away from the City of Alexandria, at a speed of some 20 miles per hour, when the vehicle was struck from the rear by an automobile driven by the defendant, Willie R. Elliott. Both Byrd and Willie Rainey sustained serious and painful injuries for which they seek *249 recovery of damages. The automobile driven by the defendant, Elliott, was moving at a speed of some 45 miles per hour, which appears to be a reasonable speed in view of the rainy weather condition and the slick surface of the highway. Charges of negligence on the ground of excessive speed, failure to retain control of his vehicle and to make proper observation, etc., were charged against the defendant. The only element of negligence which we regard as being tendered as a factual issue by this appeal, the other charges having been refuted by a preponderance of the evidence, relates to the alleged failure of Elliott to keep a proper lookout and to observe what could and should have been seen at a distance sufficient to have permitted him to properly control the movement of his vehicle.
In his written reasons for judgment the district judge carefully analyzed the testimony and, despite the charges of error in connection with his observations, we fail to find error of sufficient substance and degree as would do violence to his conclusions. The defendant testified that he did not see the tractor until he was within a distance of a few feet, at which time he immediately applied his brakes, but without avail. The question as to whether defendant’s failure to see the vehicle which was moving in front of him in the same direction, constituted negligence under the circumstances, is the crux of this case.
It is stoutly contended on behalf of plaintiffs that the tractor was equipped with a tail-light which was operating and was in plain view of traffic approaching from its rear. This is as strenuously denied on behalf of defendant. Our examination of the testimony of numerous witnesses bearing on this point leads us to accord with the conclusion of the district judge to the effect that the light in question was obscured to the view of traffic approaching from the rear. In the first place, it is established that the light was not a conventional tail-light located on the rear of the. vehicle but was more properly named andf used as an instrument light, intended primarily to provide illumination for the coupling of vehicles to the trailer hitch of the tractor. As best we can comprehend from the rather uncertain evidence on this point it appears that, when not in use for its actual intended purpose, the light could be affixed to a bracket attached to the left side of the driver’s seat of the tractor. Again according to the preponderance of the testimony, the light was cone-shaped in construction, being some inch and a quarter in diameter, more or less, and approximately two to three inches in length. There is an irreconcilable conflict of testimony as to whether the light was equipped with a red lens, or, in fact, whether any lens was present in the fixture. Be this as it may, we think these points are immaterial in view of our finding, again according with that of the district judge, that the light was not open to view from the rear. This unfortunate circumstance results from the fact that this plaintiff, Byrd, and Willie Rainey were standing on the tow bar of the tractor which extends some two feet from its rear, and Byrd, who was toward the left side of the tractor, was maintaining his balance by holding on either to the driver’s seat or to both the driver’s seat and the left fender of the car. In any event, as best we can picture the actual situation, we think the position of the two passengers was calculated to, and actually did, obscure the view of the instrument light, which, according to their testimony, was attached to a bracket on the left of the driver’s seat. Defendant positively testified that he never did observe any light and we think the factual circumstances as above related serve to corroborate his testimony.
The only other factual circumstance which has a related bearing upon the occurrence of the unfortunate accident concerns the existence, vel non, of traffic approaching the two vehicles which were involved in the collision. Defendant testified that there was a steady stream of traffic moving toward Alexandria, for which reason he maintained his lights in the dimmed *250 position. On the contrary the plaintiff and his companions testified that at the time of the accident there was no traffic on the highway in either direction. We find this testimony particularly incredible in view of the fact that the evening in question was to be celebrated by the Santa Claus or Christmas parade in the City of Alexandria, and, at a point in such close proximity to the city at the hour of the accident, we are convinced that the testimony of defendant as to actual traffic conditions is much more reasonable of belief.
The issue of law which is presented by this appeal must be resolved in accordance with the generally enunciated and accepted rule of liability which attaches to motorists, resulting in a conclusion of responsibility for collisions with the rear end of preceding vehicles on a public highway, or it must be considered as falling under the equally well established exception to the general rule as exemplified in that line of cases beginning with Gaiennie v. Cooperative Produce Co., Inc., 196 La. 417, 199 So. 377; reiterated, inter alia, in Rea v. Dow Motor Co., La.App., 36 So.2d 750, and Lynch v. Fisher, La.App., 41 So.2d 692. Specific factors which are taken into consideration in classifying a case under the exception have been denominated as the locality, the position of the vehicles, the nature of their construction and the operation and effect of lighting equipment. Measuring the application of the facts established in the instant case it must be observed that defendant’s speed was reasonable, his lights were dimmed in consideration of the flow of approaching traffic, the locale of the accident was on the open highway, no warning lights were visible from the rear of the other vehicle, and the construction of such vehicle was clearly of that unusual skeletal character which, in itself, constitutes an unexpected hazard upon the public highway.
In view of these factual conclusions we think there can be no question as to the appropriate conclusion to the effect that the accident must be classified under the exception to the general rule of negligence and, accordingly, it follows that the defendant must be exonerated from a finding of negligence.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.