HARDY, Judge.
This is a tort action by Avert Edwards for the recovery of damages for personal injuries sustained in a motor vehicle collision. Massachusetts Bonding & Insurance Company joined Edwards as a party plaintiff, seeking recovery of amounts paid for workmen’s compensation and medical expenses. Plaintiffs appeal from a judgment rej ecting their demands pursuant to verdict of the jury before which the case was tried.
Named as defendants are E. E. Neely, Jr., owner and operator of the automobile involved, and his insurer, Employers Casualty Company.
The accident occurred on Louisiana Highway No. 1 in Caddo Parish at about 8:00 o’clock, P.M. on July 30, 1958, on a straight, flat stretch of highway; there was no impediment to visibility; the weather was clear; the surface of the highway was dry, and the brakes of the Neely car, according to his testimony, were in excellent condition. Plaintiff Edwards was driving a farm tractor which was pulling an ammonium nitrate fertilizer machine, commonly known as a “nitro-shooter”, in a souther *542 ly direction at a speed of five to eight miles per hour. Defendant, Neely, was driving his Chevrolet automobile south on the highway, and this vehicle collided with the rear end of the nitro-shooter. Numerous charges of negligence were alleged against Neely in plaintiff’s petition, only two of which, however, we find to be material to a consideration of the case, namely, failure to maintain proper control of his vehicle and traveling at an excessive rate of speed. Defendants, after a general denial of plaintiff’s charges, averred the negligence of plaintiff, Edwards, as the sole and proximate cause of the collision, inter alia, in operating a tractor and trailer on the open highway at night without proper lights or reflectors as required by law.
We are convinced from our examination of the record that plaintiffs have successfully established the negligence of Neely in both the particulars above noted. According to Neely’s own testimony he perceived the presence of the farm equipment driven by Edwards in front of him on the highway within the range of his headlights; he observed the approach of a northbound vehicle some distance beyond the location of the tractor and equipment; determined that he would not risk the attempt to pass the tractor in the face of the approaching vehicle, and forcibly applied his brakes, despite which action he collided with the rear of the nitro-shooter. Testimony as to the physical circumstances surrounding the locale of the collision was given, as witnesses for defendants, by two Caddo Parish Deputy Sheriffs who made an investigation immediately following the occurrence. It was established by this testimony that the skidmarks of the Neely automobile measured 53 steps (159 feet) from the point of beginning to the point of impact, all in the west or southbound lane of the highway; that the heavy nitro-shooter, with one wheel knocked off, came to a stop on the opposite or east shoulder of the highway some 12 steps (36 feet) from the point of impact, and the tractor stopped some 3 or 4 steps beyond the fertilizer machine.
The net braking distance of an automobile, under excellent conditions, traveling at a speed of 60 miles per hour, is set forth as being 141.1 feet in the chart found in Volume XIV, T.L.R., page 503, which has been many times used by this and other courts of our State. A similar chart published in Blashfield’s Cyclopedia of Automobile Law, Permanent Edition, Volume 9C, Section 6237, page 413, which has also been used by the appellate courts of this State, fixes the actual stopping distance as 160 feet. Under either of these tables it is apparent that the Neely car must have been traveling at a speed considerably in excess of 60 miles per hour, in consideration of the actual distance of the skid marks and the force of the impact with a vehicle which was traveling, albeit at a slow rate of speed, in the same direction.
However, it is not necessary, under the factual circumstances of this case, that complete reliance for resolution of the issue of negligence be placed in the finding of excessive speed. It is abundantly clear from Neely’s own testimony, that he saw the tractor within the range of his headlights, despite which he was unable to bring his car under such control as to avoid the collision.
We think there can be no serious question as to the negligence of the defendant, Neely, in view of the facts above related.
Proceeding to consideration of the only serious counter charge of negligence, that the farm equipment was being driven on a public highway at night without lights, we are firm in the conclusions: first, that this charge is not sustained but rather is controverted by the preponderance of the evidence, and, second, that even if such fact be conceded, the negligence constituted neither a proximate nor a contributing cause of the accident. We think it was adequately established that the tractor was equipped with an instrument light attached to the seat thereof, which light was visible at a considerable distance, possibly up to one-half mile to the rear. The testimony in the instant case is remarkably similar to that *543 which we have recently considered in Page v. Northern Insurance Company of New York, 117 So.2d 279.
While it may be accepted that the tractor was not equipped with a red rear light, in accordance with the provisions of LSA-R.S. 32:296, this failure of exact compliance would, at most, constitute a remote and not a proximate or contributory cause.
We think further discussion of this point entirely superfluous in view of the fact that Neely perceived the presence of the tractor on the highway within the range of his headlights. Our jurisprudence is firmly established on the point that, in the absence of unusual conditions and regardless of statutory speed limits, a motorist on the highways of this state is required to drive at such speed and maintain such control of his vehicle as will permit him to bring it to a stop within the range of his headlights. This principle, supported by numerous citations of authority, was reiterated by this court in King v. Risdon & W. E. Holoman Lbr. Co., Inc., 76 So.2d 548 (writs denied).
It is our considered opinion that the negligence of the defendant Neely was the sole and proximate cause of the accident, and, accordingly, that the verdict of the jury and the judgment pursuant thereto were manifestly erroneous.
With respect to the quantum of damages, we find that the record leaves much to be desired, and, unfortunately, little attention was devoted thereto by either counsel in arguments and briefs. However, the record does establish in detail the serious character and nature of the injuries suffered by the plaintiff, Edwards. The force of the collision threw Edwards from his seat on the tractor to the surface of the highway, and he sustained numerous abrasions and contusions; a serious laceration of the prepatellar area of the knee, requiring suturing, which injury was followed by swelling and deposit of fluid; fractures of several ribs and a fracture of the spinous process of the second lumbar vertebra. Plaintiff was hospitalized for a period of more than three weeks, and before leaving the hospital a plaster of Paris jacket body cast, encasing the trunk, was applied, which he continued to wear for more than two months. After removal of the body cast a canvas type corset back brace, designed to immobilize the spine, was worn for several months. The treating orthopedic specialist discharged plaintiff from treatment a little less than ten months after the accident as having reached an approximately maximum improvement, and an evaluation of permanent partial disability amounting to loss of function of 10% of the body as a whole was made at that time. The record does not indicate just when plaintiff returned to work, but, according to his testimony and that of his employer at the time of trial, which was had more than fourteen months following the accident, he had not recovered to such an extent that he was able to perform his work, primarily the driving of a tractor, without frequent periods of rest.
There can be no grounds for argument as to the serious, painful and disabling nature of these injuries and we think than an award of $5,000 in favor of plaintiff, a thirty-year old farm laborer, represents a conservative allowance for the pain, suffering and disability sustained. Additionally, the total sum of $2,411.45, representing payr ments of compensation and medical expenses by plaintiff, Massachusetts Bonding & Insurance Company, should be allowed.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff, Avert Edwards, and against the defendants, Employers Casualty Company and E. F. Neely, Jr., in solido, in the full sum of $5,000, with interest thereon at the legal rate of 5% per annum from date of judicial demand until paid.
It is further ordered, adjudged and decreed that there be judgment in favor of *544 plaintiff, Massachusetts Bonding' & Insurance Company, and against the defendants, Employers Casualty Company and E. F. Neely, Jr., in solido, in the full sum of $2,-411.45, with interest thereon at the legal rate of 5% per annum from date of judicial demand until paid.
All costs of both courts are assessed against defendants-appellees.