124 So.2d 908

**D & D PLANTING COMPANY et al.**

v.

**EMPLOYERS CASUALTY COMPANY et al.**

**Avert EDWARDS et al.**

v.

**EMPLOYERS CASUALTY COMPANY et al.**

Nos. 45252, 45321.

Dec. 12, 1960.

Simon, Carroll, Fitzgerald & Fraser, Shreveport, for defendants-appellees-relators.

Bodenheimer, Looney & Richie, J. W. Jones, William E. Ranney, G. M. Bodenheimer, Jr., Shreveport, for respondents.

HAMLIN, Justice.

In the exercise of our supervisory jurisdiction (Article VII, Section 11, Louisiana Constitution of 1921, LSA), we granted certiorari to review judgments of the Court of Appeal, Second Circuit—one in favor of D. & D. Planting Company and Fidelity Phenix Fire Insurance Company v. Employers Casualty Company and E. F. Neely, Jr., in solido (123 So.2d 833); and one in favor of Edwards and Massachusetts Bonding & Insurance Company v. Employers Casualty Company and E. F. Neely, Jr., in solido (121 So.2d 540). These judgments reversed judgments of the trial court which rejected plaintiffs' demands. Both causes arose out of the same automobile accident and were consolidated for trial in the lower

court [1] and argument in the Court of Appeal. Our primary reason for granting certiorari was to review the finding of the Court of Appeal that a violation of LSA–R.S. 32:296, or a failure of exact compliance with the statute, would, at most, constitute a remote and not a proximate or contributory cause of the accident.

The facts of record are not in great dispute; they are to the effect that on the night of July 30, 1958, at approximately 8:00 P.M., (after dark, the weather clear, the road surface straight and dry), Avert Edwards, an employee of D & D Planting Company, was driving his employer's John Deere Farm Tractor, Model 70, which was towing a liquid fertilizer machine trailer, in a southerly direction on Louisiana Highway No. 1 (a two lane black top road), about ½ mile south of Lucas, Louisiana, at a speed of 5 to 8 miles per hour. The trailer consisted of a welded frame (welded from about three inch angle iron), bearing two wheels, painted red, and measuring approximately seven feet in width and five to five and one-half feet in length. On top of the trailer was a tank (painted aluminum), approximately five feet long with a diameter of approximately three feet, used as an ammonium nitrate fertilizing machine, commonly called a "nitro-shooter." The trailer was attached horizontally to the tractor and was not equipped with lights of any description. The tractor was equipped with a dashlight, headlights, and a light attached to the rear of the driver's seat, which were all functioning and in operation. Mr. Charles D. Day, Jr., one of the owners of the D & D Plantation, explained:

"On the rear—the operator of the tractor sits on a cushion that, in turn, is mounted on top of a box that contains the two six volt batteries that operate the electrical system of the tractor. Then there is a back rest that comes up and around the back of that box in addition to that. The light is mounted on the back of that seat."

Mr. Day also said that the light was deflected downward and was mounted on a bracket, the upper edge of illumination being approximately horizontal. He further explained:

"* * * It has a wide angle lens on it that throws a very wide angle of the illumination. I would say probably ninety degrees out from the light to each side. It, in turn, is focused downward so that the outer edge of the beam would hit the ground perhaps 20 feet to the rear of the tractor, but anything in the rear of the tractor, in addition to all the ground from the rear wheels of the tractor backward, it illuminates. It is a very powerful small light."

---

1. The case of Edwards et al. v. Employers Casualty Company et al., was tried by a jury, whose verdict was in favor of defendants.

At the time Edwards was driving south on Louisiana Highway No. 1, Elbert Fleming Neely, Jr. was driving a 1958 Chevrolet (Bel Air hardtop coupe, two door), also in a southerly direction on this same highway. His headlights were burning, and within his vision on his left side (left lane of traffic) he could see an approaching car travelling in a northerly direction. Neely estimated his own speed at between 50 to 60 miles per hour. Suddenly the tractor-trailer driven by Edwards loomed immediately within Neely's vision and directly in front of his car. He had seen neither the unlighted trailer nor the tractor previously. Deeming it unwise to pass the tractor-trailer, because of the oncoming car, Neely said he applied his brakes but was unable to avoid a collision; his automobile stopped at the point of collision. The tractor travelled some 30 to 36 feet across the highway into the ditch; the nitro-shooter, having lost one wheel, stopped on the east shoulder of the road. Edwards was thrown from the tractor and suffered personal injuries; the equipment owned by D & D Planting Company was damaged.

The present actions were brought against E. F. Neely, Jr. and his insurer, Employers Casualty Company, for recovery of damages alleged to have been sustained by Avert Edwards and D & D Planting Company.[2]

Plaintiffs alleged numerous charges of negligence against the defendant, E. F. Neely, Jr., in which neither the jury in the Edwards case nor the trial judge in the D & D Planting case acquiesced. In its decisions reversing both judgments, the Court of Appeal stated that it would confine itself to the two charges it considered material to a consideration of the cases; namely, Neely's failure to maintain proper control of his vehicle, and his travelling at an excessive rate of speed. It found him guilty of both charges and concluded that his negligence was the sole and proximate cause of the accident.

The defendants averred the negligence of plaintiff, Avert Edwards, as the sole and proximate cause of the collision, inter alia, in operating a tractor and trailer on the open highway at night without proper lights or reflectors as required by law. In this Court, defendants aver that the Court of Appeal was in error in its findings; they contend that even if there was negligence on the part of the defendant Neely, such was not the sole and proximate cause of the accident. They argue that, "If he had been warned of the presence of these vehicles by lights as required by law, cer-

2. Massachusetts Bonding & Insurance Company joined Avert Edwards as a party plaintiff, seeking recovery of amounts paid for workmen's compensation and medical expenses. Fidelity Phenix Fire Insurance Company joined D & D Planting Company as a party plaintiff, seeking recovery of the amount paid for damage to the tractor it had insured.

tainly he would not have collided with them. His inability to avoid a collision with plaintiffs' unlighted trailer when faced with the sudden emergency created by plaintiffs' reckless and willful disregard of lighting requirements, if it be negligence on his part, can be no more than a *contributing* cause of the accident."

There is no conclusive evidence of record to the effect that Neely was driving more than 55 to 60 miles per hour as testified by him.

Deputy Sheriff Billy Ray Flowers, who investigated the accident, testified that Neely's car stopped at the point of impact, and that it had skidded approximately 159 feet before impact; he admitted that on his unsigned report there was a statement that the Neely vehicle was going too fast, but he could not recall why he had made the statement; he said that he believed the lawful speed was 55 miles at night and 60 miles in the daytime.

Joe Brown, a tractor driver, testified that he was on foot in front of his home, and that the tractor-trailer passed his home a few moments before the accident; he remembered that the lights of the tractor were burning; he said that he saw the Neely car pass, and that "the man was speeding seventy-five or eighty miles an hour." His testimony is opinion evidence.

LSA–R.S. 32:293 recites:

"Every motor vehicle and every drawn trailer or semi-trailer shall carry

at the rear a lamp of a type which has been approved by the department and which exhibits a red light plainly visible, under normal atmospheric conditions, from a distance of five hundred feet to the rear and so constructed and placed that the number plate carried on the rear of such vehicle shall under like conditions be so illuminated by a white light so as to be read from a distance of fifty feet to the rear."

LSA–R.S. 32:296 provides:

"All vehicles not heretofore in this chapter required to be equipped with specified lighted lamps, shall carry one or more lighted lamps displaying a white light visible, under normal atmospheric conditions, from a distance of not less than five hundred feet to the front and displaying a red light visible, under like conditions, from a distance of not less than five hundred feet to the rear."

The Court of Appeal, in holding that the non-compliance with the above statutes was at the most a remote cause of the instant accident and did not constitute contributory negligence, relied on the case of King v. Risdon & W. E. Holoman Lumber Company, 76 So.2d 548, 551, certiorari denied, wherein it was stated:

" * * * Any motorist when traveling at night on the highways of Louisiana must be governed by the two car-

dinal regulations of the Highway Regulatory Act which requires: (1) that the driver of the motor vehicle operate it at a reasonable and proper speed under the circumstances and not so as to endanger the persons or property of others, and (2) that the vehicle must be equipped with headlights, which under normal atmospheric conditions, and on a level road, will produce a driving light sufficient to render clearly discernible a person two hundred feet ahead. LSA–R.S. 32:227, 32:301.[3]

"In their application of the foregoing regulations the courts of this state have formulated and repeatedly given effect to the general rule that a motorist will be held to have seen an object, which, by the use of ordinary care and prudence, he should have seen in time to avoid running into it, and the driver of an automobile is guilty of negligence in driving at a rate of speed greater than that in which he can stop within the range of his vision. * *"

In the above cited and quoted case, plaintiff was a driver of the car which ran into a stationary object. In the instant case, Neely is not the plaintiff, and, since in this Court he is not endeavoring to free himself from negligence, we shall confine ourselves

to a consideration of the question of the alleged contributory negligence of plaintiffs.

■ "Contributory negligence is, as the phrase signifies, negligence which contributes to the accident, that is, negligence having causal connection with it and but for which the accident would not have occurred. * * *" White v. State Farm Mut. Auto. Ins. Co. et al., 222 La. 994, 64 So.2d 245, 249, 42 A.L.R.2d 338. See, Leonard v. Holmes & Barnes, Limited, 232 La. 229, 94 So.2d 241; Vowell v. Manufacturers Casualty Insurance Company, 229 La. 798, 86 So.2d 909; Capitol Transport Co., Inc. v. A. R. Blossman, 218 La. 1086, 51 So.2d 795; Dickson v. Peters, La.App., 87 So.2d 187; Hebert v. Martinolich, La.App., 80 So.2d 141.

"Contributory negligence is defined by Thompson on Negligence, § 165, in the following language:

"'Contributory negligence, in a sound and judicial sense, is the negligence of the plaintiff, or of the person on account of whose death or injury the action is brought, amounting to want of care, and proximately contributing to bring about injury. The clear modern doctrine is that, in order to

---

**3.** The evidence in the instant case shows that Neely's headlights were burning. He did not know on which beam they

were operating, but he was not blinded by the oncoming car.

constitute such negligence as will bar a recovery of damages, these two elements must in every case concur: 1. A want of ordinary care on the part of the plaintiffs, or where the action is for damages resulting in death, a want of ordinary care on the part of the person killed; and 2. A proximate connection between this want of ordinary care and the injury complained of.'" Barr v. Fidelity & Casualty Co. of New York, La.App., 188 So. 521, 524.

■ All parties to these proceedings admit that the trailer herein involved was not equipped with lights or reflectors; this constituted a violation of LSA–R.S. 32:293 and 32:296, supra; such negligence is actionable when there is causal connection between it and the accident, and the collision would not have occurred except for the violation of the highway rule. Hollabaugh-Seale Funeral Home, Inc. v. Standard Accident Ins. Co., et al., 215 La. 545, 41 So.2d 212; Brown v. S. A. Bourg & Sons, Inc., 239 La. 473, 118 So.2d 891; McNeely v. United States Fidelity & Guaranty Co., La. App., 69 So.2d 600; Fulco et ux. v. City Ice Service, Inc., La.App., 59 So.2d 198; Seaboard Insurance Co. v. Maryland Casualty Co., La.App., 47 So.2d 353; Smith v. Texas & Pac. Ry. Co., La.App., 189 So. 316; Stuckey v. Hayden, La.App., 3 So.2d 443; Hataway v. F. Strauss & Son, Inc., La.App., 158 So. 408; Mellow Joy Coffee Co. v. Continental Cas. Co., La.App., 63 So.2d 888; Shipp v. Ferguson, La.App., 61 So.2d 531; Williams v. Pelican Creamery,. Inc. et al., La.App., 30 So.2d 574; Moreau v. Garritson, La.App., 166 So. 660.

■ A review of the attending facts. connected with the accident herein clearly reveals that there was a causal connection between the unlighted trailer and the collision. Brown v. S. A. Bourg & Sons, Inc. et al., 239 La. 473, 118 So.2d 891. It is true that Mr. Neely was travelling at a rapid rate of speed and that it was incumbent upon him to have his car under control at all times, but had the trailer borne lights in conformity with the statutes, supra, it would have appeared within his vision at a distance of 500 feet and he would then have been in a position to avoid the accident. We conclude that plaintiffs were negligent in not having the trailer lighted and' that but for this negligence the accident would not have occurred. White v. State. Farm Mut. Auto. Ins. Co. et al., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338. Under· the facts and circumstances of this case, we find that the unlighted trailer constituted an unexpected obstruction which the· defendant, E. F. Neely, Jr., had no reason to anticipate he would encounter on the· highway. Suire v. Winters, 233 La. 585, 97 So.2d 404; Fisher v. Norwich Union Fire Insurance Society, Ltd., La.App., 119· So.2d 562, 563.

"Contributory negligence is a special defense, and the defendant carries the

burden of establishing it by a preponderance of the evidence. * * *" Demerest v. Travelers Insurance Company, 234 La. 1048, 102 So.2d 451, 454. See, McCandless v. Southern Bell Telephone & Telegraph Co., 239 La. 983, 120 So.2d 501.

We conclude that the defendant, E. F. Neely, Jr., has discharged his burden of establishing contributory negligence in the instant matter.

For the reasons assigned, the judgments of the Court of Appeal, Second Circuit, in these consolidated cases, are reversed and set aside. The judgments of the trial court are affirmed. All costs are to be paid by plaintiffs.

TURNER, J., recused.

124 So.2d 913