HOOD, Judge.
This is an action for damages instituted by Dave McDermit against Mrs. Louise R. Stinson and her insurer, Northern Insurance Company of New York, arising out of a collision involving an automobile; a cotton picking machine and a station wagon. Mrs. Stinson was the owner and driver of the automobie involved in the collision. The cotton picking machine was owned by plaintiff and at the time of the accident was being driven by his employee, Bert Calhoun. The station wagon was owned and was being driven by Roger G. Page. Plaintiff seeks to recover the value of the cotton picking machine and for the loss of the use of that machine for. a period of 30 days following the accident.
Three separate actions for damages were instituted arising out of this accident, one being the instant suit filed by McDermit, the second being instituted by Calhoun, the driver of the cotton picking machine, and the third by Mr. and Mrs. Page. These suits were consolidated for trial, and in each case judgment was rendered by the trial court in favor of plaintiff or plaintiffs and against Mrs. Stinson and her insurer, in solido. In the Calhoun and Page cases appeals were taken by these defendants to the Court of Appeal, Second Circuit, and that court affirmed the judgments rendered by the trial court in each of those cases. Page v. Northern Insurance Co. of New York, 117 So.2d 279; Calhoun v. Northern Insurance Co. of New York, 117 So.2d 285. Applications for writs of review in the Calhoun and Page cases are now pending before the Supreme Court. The instant suit was appealed to the Supreme Court, and the appeal was later transferred to this court. The sole issue presented on this appeal is whether plaintiff is barred from recovery because of contributory negligence on the part of Bert Calhoun, the driver of the cotton picking machine.
The accident which gave rise to this suit occurred about 7:20 P.M., on December 6, 1957, on U. S. Highway 71, at a point about one and one-half miles south of Lecompte in Rapides Parish. Immediately prior to the accident the Stinson vehicle was being driven in a southerly direction along that highway, and it ran into the rear of plaintiff’s cotton picking machine, which also was being driven in a southerly direction ahead of the Stinson car. Both of these vehicles were in the southbound lane of traffic at the time of the collision, but the impact caused plaintiff’s machine to be knocked partially into the northbound lane where it collided with the Page station wagon, which at that time was .being driven in a northerly direction in its proper lane of traffic. At the time of the accident the cotton picking machine was being driven at a speed of about 25 miles per hour, and the Stinson car was being driven at a speed of 45 to 50 miles per hour. As a result of this collision the three vehicles were damaged, and personal injuries were sustained by Calhoun and by Mr. and Mrs. Page.
The highway at the point of impact was straight and level, with paving 24 feet in width, and with 12 foot shoulders on each *728 side. It was dark and was raining at the time of the accident. All of the vehicles had the lights with which they were equipped burning at the time the collision occurred.
The cotton picking machine was equipped with three lights. Two of these lights were similar to automobile headlights, and they were located in front of the machine illuminating the highway ahead of it. The third light was a sealed beam, clear flood light, located on the left side of the machine facing toward the rear and downward. The machine was not equipped with a rear view mirror as is required by LSA-R.S. 32:287, and it was not equipped with a red light visible from the rear, as is required by LSA-R.S. 32:296.
Defendants concede that the driver of the Stinson vehicle was negligent in running into the rear of the cotton picking machine under the circumstances presented here. They specially plead and contend, however, that the driver of the cotton picking machine also was negligent in driving this heavy piece of farm machinery upon a public highway at night, without proper lights, and that his negligence in that respect was a proximate and contributing cause of the accident, barring plaintiff from recovery. This charge of contributory negligence is based on LSA-R.S. 32:296, which requires vehicles such as this cotton picker, operated on the public highways, to be equipped with a red light visible, under normal atmospheric conditions, from a distance of not less than 500 feet to the rear.
The trial judge found that although the light on the left side and facing to the rear of the tractor was white instead of red, it was visible for more than 500 feet to the rear, as required in LSA-R.S. 32:296. He concluded that plaintiff’s failure to have a red light on the rear of his machine was not a proximate or contributing cause of the accident, and accordingly that plaintiff was not barred from recovery because of contributory negligence. In his written reasons for judgment the trial judge said:
“In the present case, even though the light on the rear of the tractor was white instead of red as the statute requires, it was visible for more than 500 feet.- At least six witnesses including the state trooper testified to this effect. Therefore, as is stated in the case of Johnson vs. Lowery, cited above, [Johnson v. Lewrey, La.App., 70 So.2d 212], it is no consequence that the light was white instead of 'red because under the existing circumstances the driver of the Stinson vehicle should have observed the light and avoided the accident, but did not because she was not maintaining a proper lookout. The white light on the rear of the cotton picker was visible for the distance required in R.S. 32:296, that is 500 feet, and therefore the fact that it was not of the proper red color, could not possibly be held to be a proximate cause of this accident.”
In Page v. Northern Insurance Company of New York, supra, which arose out of the same accident, the issue was presented of whether there was negligence on the part of the driver of the cotton picking machine constituting a proximate or contributing cause of the accident. The Court of Appeal, Second Circuit, affirmed the decision of the trial judge to the effect that there was no contributory negligence on his part, the following language being used by that court [117 So.2d 282]:
“We, therefore, conclude, as did the trial court, that it was of no consequence that the light was white instead of red because, under the existing circumstances, as testified by, at least six witnesses, including a member of the state highway police who investigated the accident, the light on the machinery was clearly visible for a distance exceeding 500 feet. Therefore, the conclusion is inescapable that the improper color of the rear light could *729 not possibly constitute a proximate cause of the accident. Therefore, the trial court, in our opinion, correctly and properly absolved Bert Calhoun from any fault or negligence constituting either a proximate or a contributing cause of the accident.”
In Johnson v. Lowrey, La.App.1954, 70 So.2d 212, 213, where the facts are strikingly similar to those presented here, the Court of Appeal, Second Circuit, held that the operator of a tractor, which did not have a red taillight but was equipped with a white light facing to the rear and slanted downward, was not chargeable with contributory negligence, because the light was visible and should have been observed by the motorist approaching from the rear of the tractor. In that case the Second Circuit Court of Appeal said:
“An alternative plea of contributory negligence has been pleaded as a bar to any recovery by plaintiffs. This plea is based on a provision of the state motor vehicle traffic statute, LSA-R.S. 32:296, requiring all vehicles traveling on the highways to be equipped with a red rear light visible for a distance of at least 500 feet. Whether or not this statutory provision was violated — it may be conceded it was — it is of no consequence because Traylor under existing circumstances should have observed the tractor and avoided the accident, but did not because he was not maintaining a proper lookout. This factor constituted the efficient intervening cause of the accident and fixes the blame. That the light was white instead of red can only constitute a remote, not a contributory cause and is insufficient to relieve the defendant Traylor of answering for his negligence. See Masaracchia v. Inter-City Express Lines, Inc., La.App.1935, 162 So. 221; Smith v. Monroe Grocer Co., Ltd., La.App.1938, 179 So. 495; Dowell, Inc. v. Bayou State Oil Corp., La. App.1948, 33 So.2d 709; Portier v. Picou, La.App.1941, 3 So.2d 295.”
Counsel for defendants, however, refers us to the cases of Florane v. Conway, La. App.1959, 111 So.2d 149, Puissegur v. Louque, La.App.1959, 113 So.2d 795 and Byrd v. Elliott, La.App.1959, 108 So.2d 248, cer-tiorari denied. The Florane and Puissegur cases involved collisions where motorists collided with parked vehicles, and in our opinion those cases are not apposite to the issue presented here. In Byrd v. Elliott, supra, a collision between an -automobile and a tractor occurred under circumstances similar to those existing in this case, and the Court of Appeal, Second Circuit, held that the driver of the tractor was negligent. In that case, however, the court determined that the light on the tractor was not open to view from the rear. In the instant case, the light on the cotton picking machine was visible at least 500 feet to the rear of that machine. Because of this important difference in facts, we think the decision in the Byrd case is not applicable here.
In D. & D. Planting Co. v. Employers Casualty Co., 1960, 240 La. 684, 124 So.2d 908, an automobile ran into the rear end of an unlighted trailer which at that time was being pulled by a tractor at a speed of five to eight miles per hour. The tractor was equipped with a powerful, small flood light mounted on the back of the driver’s seat, which light was deflected downward so that the outer edge of the beam would hit the ground perhaps 20 feet to the rear of the tractor. The trailer which was behind and being towed by this tractor, of course, was unlighted. The Second Circuit Court of Appeal found that the light on the tractor was visible at a considerable distance, possibly up to one-half mile to the rear, and that the driver of the automobile perceived the presence of the tractor within the range of his headlights. Under those circumstances, it concluded that the driver of the tractor was not negligent, holding that the failure to equip the tractor with a red rear light, as required by LSA-R.S. 32:296, would at most constitute a remote and not a proximate cause of the accident. 121 So.2d 540; 123 So.2d 833. On certiorari, *730 however, the Supreme Court reversed the Court of Appeal, holding that the owner and driver of the tractor was negligent in failing to maintain proper lights on the trailer, and that there was a causal connection between that negligence and the accident. In so holding, the Supreme Court said [240 La. 684, 124 So.2d 912]:
“A review of the attending facts connected with the accident herein clearly reveals that there was a causal connection between the unlighted trailer and the collision. Brown v. S. A. Bourg & Sons, Inc. et al., 239 La. 473, 118 So.2d 891. It is true that Mr. Neely was travelling at a rapid rate of speed and that it was incumbent upon him to have his car under control at all times, but had the trailer borne lights in conformity with the statutes, supra, it would have appeared within his vision at a distance of 500 feet and he would then have been in a position to avoid the accident. We conclude that plaintiffs were negligent in not having the trailer lighted and that but for this negligence the accident would not have occurred. White v. State Farm Mutual Auto. Ins. Co. et al., 222 La. 994, 64 So.2d 245, 42 A.L.R.2d 338. Under the facts and circumstances of this case, we find that the unlighted trailer constituted an unexpected obstruction which the defendant, E. F. Neely, Jr., had no reason to anticipate he would encounter on the highway. Suire v. Winters, 233 La. 585, 97 So.2d 404; Fisher v. Norwich Union Fire Insurance Society, Ltd., La.App., 119 So.2d 562, 563.” (Emphasis added.)
In the D. & D. Planting Co. case the Supreme Court apparently disagreed with the Second Circuit Court of Appeal as to the facts, the Supreme Court concluding that the forward vehicle was not sufficiently lighted to make it visible to the motorist approaching from the rear within a distance of 500 feet. We find no conflict between that case and the decisions rendered in Johnson v. Lowrey, and in Page v. Northern Insurance Company of New York, supra. In the Johnson and Page cases, unlike the D. & D. Planting Co. case, it was found that the lights on the forward vehicles were visible more than 500 feet to the rear. As has been stated, we have concluded that in the instant suit the light on the cotton picking machine was visible at least 500 feet to the rear of that machine.
We agree with the conclusion reached by the trial court in this case, and by the Second Circuit Court of Appeal in the Page case, to the effect that under the circumstances presented here plaintiff cannot properly be charged with negligence constituting a proximate or contributing cause of the accident because of the fact that the cotton picking machine was being operated on a public highway with a rear light which was not red in color, as required by LSA-R.S. 32:296.
Counsel for defendants contends, further, that the driver of plaintiff’s machine was negligent in operating it without a rear view mirror, as required by LSA-R.S. 32 287. He argues that if the machine had been equipped with such a mirror the driver could have seen the Stinson vehicle approaching from the rear, and he then could have avoided the accident by driving the cotton picker off the pavement onto the shoulder of the highway. The evidence does not show that a rear view mirror on that machine would have enabled the driver to have detected that a collision was imminent in time to have avoided it. We conclude, therefore, that the negligence which may be chargeable to plaintiff for failing to equip the cotton picking machine with a rear view mirror was a remote and not a proximate or contributing cause of the accident.
For the reasons herein assigned, the judgment of the district court is affirmed at appellants’ costs.
Affirmed.
Rehearing denied; CULPEPPER, J., recused.